DOLLOFF, *Guard.*, v. DOLLOFF, *Adm'r.*

The obligation of a man, or of his estate after his death (P. S., c. 189, s. 17), to support his child is not discharged by the procuring of a divorce by the mother, with alimony, and custody of the child.

Assumpsit, to recover for the support of the child of the plaintiff and William P. Dolloff, deceased. Facts agreed. The plaintiff procured a divorce, with $600 alimony and the custody of the child, over whom she has been appointed guardian. The child has since lived with the plaintiff and been supported by her, and is still under seven years of age. The defendant is administrator of the estate of William P. Dolloff, and has not yet settled his account. It is uncertain whether the estate will be sufficient to pay for the support of the child in full, if liable.

*James L. Wilson*, for the plaintiff.

*Leach & Stevens*, for the defendant.

Blodgett, J. "The estate of every person deceased shall be chargeable with . . . V. The support and maintenance of infant children of the deceased until they arrive at the age of seven years, if the estate is in fact solvent." P. S., c. 189, s. 20. The plaintiff's case comes within the statute. While the divorce destroyed the relation of husband and wife and made them as strangers to each other, it did not destroy the relation between the father and his child. As to her, his duty and liability remained the same, except in so far as he was incapacitated or discharged by the decree, which simply took from him her custody. This did not release him from any preexisting natural, legal, or statutory duty to support her. Guardians, or other persons invested with similar powers, are under no personal obligation to maintain their wards, whatever may be the relationship between them ; and the plaintiff's acceptance of the custody and guardianship did not subject her to the maintenance of the child, any more than a stranger would have been subjected to such maintenance by the acceptance of a like decree and appointment.

Nor is it material that the plaintiff was awarded alimony to the amount of six hundred dollars. Alimony, in its proper signification, is not maintenance to the children, but to the wife ; and when no order is made for the children's maintenance upon the allowance of alimony with custody of children, the father's obligation to support them is in no wise affected.

In brief, when the father has been found, by a judicial decree like the one in this case, to be an unfit person to exercise parental control by reason of his own voluntary misconduct, the law does not allow him to convert such misconduct into a shield against his parental liability during his lifetime ; and upon his decease the statute extends the liability to his solvent estate in the case of children under seven years of age. See, generally, *Buckminster* v. *Buckminster*, 38 Vt. 248, 252—88 Am. Dec. 652 ; *Stanton* v. *Wilson's Ex'rs*, 3 Day 37—3 Am. Dec. 255 ; *Gilley* v. *Gilley*, 79 Me. 292—1 Am. St. Rep. 307 ; *Cowls* v. *Cowls*, 8 Ill. 435

—44 Am. Dec. 708; *Plaster* v. *Plaster*, 47 Ill. 290; *Pretzinger* v. *Pretzinger*, 45 Ohio St. 452—4 Am. St. Rep. 542; *Courtright* v. *Courtright*, 40 Mich. 633; *Conn* v. *Conn*, 57 Ind. 323; *Holt* v. *Holt*, 42 Ark. 495; *Dow* v. *Dow*, 38 N. H. 188.

The only question submitted being that of liability, the form of action is not considered.

*Judgment for the plaintiff.*

All concurred.