Note.—See under (1) 38 Cyc. pp. 1565, 1568. (2) 29 Cyc. p. 530; anno. 33 L. R. A. (N. S.) p. 1211; 14 A. L. R. pp. 1191, 1196; 20 R. C. L. pp. 138-144; 3 R. C. L. Supp. p. 1038; 4 R. C. L. Supp. p. 1339; 5 R. C. L. Supp. p. 1082. (3) 29 Cyc. p. 744. (4) 38 Cyc. p. 1711.

---

## WEST v. WEST.

No. 15972—Opinion Filed March 2, 1926.

Withdraw, Corrected and Refiled April 22, 1926.

(Syllabus.)

1. **Divorce—Suit for Alimony and Maintenance of Child After Decree in Another State on Constructive Service.**

An action against a former husband for alimony and maintenance of a minor child may be maintained by a former wife, who has obtained a decree of divorce from him, upon constructive service, in a court of another state having jurisdiction over neither his person nor property; such decree not being res judicata of the subjects of alimony or maintenance, and the marital status, under the circumstances, being held not indispensable to cognizance of alimony and maintenance in this state.

2. **Divorce—Alimony — Amount Controlled by Financial Condition at Time of Divorce.**

Under section 508, Compiled Oklahoma Statutes, 1921, the amount of an award of alimony to a wife must be reasonable and with due regard to the value of the real and personal estate of the husband at the time of the divorce, and as applied to an award of alimony, if any, the subsequent financial condition of the parties exists as though no marriage had ever been had; held, further, the wife thereafter has no interest in the after acquired property of the husband.

3. **Same—Validity of Award not Determined by Assets of Husband.**

It is not essential to the validity of an award of alimony to a divorced wife that the husband should be the owner of either separate or community property from which such payment could be enforced.

4. **Same—Denial of Alimony to Former Wife Sustained.**

Record examined, and held, that the judgment of the trial court in denying alimony to the former wife is not against the clear weight of the evidence.

5. **Divorce—Suit Against Divorced Parent for Maintenance of Child.**

A separate suit may be maintained between divorced parents for the recovery of money expended in support and maintenance of a minor child.

6. **Same—Liability of Father at Fault.**

It is not the policy of the law to deprive children of their rights on account of the dissensions of their parents, to which they are not parties, nor to enable the father to convert his own misdeeds into a shield against parental duty.

7. **Same—Liability of Father Where Custody of Child was Awarded Mother.**

A divorce decree, awarding custody of a minor child to the mother, does not destroy the relation between father and child. As to the child the father's duty and liability of support remains the same as thereto ore, except (1) in so far as he is incapacitated; (2) in so far as the decree discharges and releases him from any natural, legal, or statutory duty to support her; and (3) in so far as it can be said, in view of section 8035, Compiled Oklahoma Statutes 1921, that the support and maintenance rendered by other parent or a relative was voluntary or without an agreement for compensation.

8. **Same—Statutory Duty of Father to Support Child.**

The law implies a duty to the father to support his minor child. so that if a father abandons his duty to his infant child. he is liable for a suitable maintenance, as governed by the provisions of section 8035 Compiled Oklahoma Statutes. 1921. relative to voluntary support by a relative and support rendered by a stranger to a child who has abandoned a parent.

9. **Same—Liability of Father Against Whom Divorce was Decreed in Another State.**

Where a divorce decree is rendered upon constructive service in the state of Iowa, and the same awards custody of a minor child to the mother, but is silent as to maintenance and support of said child, and at the date of the divorce decree there is pending a quasi criminal action against the father. instituted upon complaint of the mother. wherein the father has appeared and executed a bond conditioned upon the payment of support of his child, and the father pays said support for five months and abandons his child and departs the jurisdiction of the courts and removes to this state. and the mother supports the said child for several

years and brings an action in this state against the father for support of said child, held, the support of the child rendered by the mother cannot be said to be voluntary and the father cannot be heard to say, in view of his bond executed in the quasi criminal action in Iowa and his subsequent conduct, that he did not enter into an agreement for compensation as contemplated by section 8035, Compiled, Oklahoma Statutes, 1921.

## 10. Same—Disposition of Cause.

Record examined, and held, that the judgment of the trial court, under the facts disclosed by the record, must be reversed as applied to the denial of a recovery from the father of a reasonable sum for the money expended in support and maintenance of the minor child.

Error from District Court, Oklahoma County; Wm. H. Zwick, Judge.

An action by Matilda B., West against Orville B. West for alimony and support of minor child. Judgment against plaintiff and for the defendant for cost. Affirmed in part and reversed in part.

W. J. Davidson, for plaintiff in error.

Warren K. Snyder and Oliver C. Black, for defendant in error.

RILEY, J. This is an appeal from the judgment of the district court of Oklahoma county, wherein the parties bore the same relation as here, and wherein Matilda B. West sought, by her action there filed in 1921, to recover from her former husband, Orville B. West, a judgment for alimony and maintenance of a minor child.

It appears from the record that the plaintiff secured a judgment of divorce from her husband, the defendant, in the district court of Polk county, Iowa, in May, 1914, also this decree granted the plaintiff the custody of the minor child of ten years, Gertrude.

The judgment roll of the Iowa court in the record shows that the jurisdiction of the parties in the action there was based upon a constructive service of summons upon the defendant, to wit, publication, and that the defendant wholly was in default when the decree became final. The decree of the Iowa court does not attempt to render alimony or support and maintenance for the minor child.

No finding of facts was made by the trial court and no request was made therefor. The judgment below was to the effect that the plaintiff recover nothing and that the defendant have judgment against the plaintiff for cost.

Assignments of error submitted are:

(1) Overruling of plaintiff's motion for a new trial.

(2) Refusal to render judgment for plaintiff.

(3) Rendering judgment against plaintiff for costs.

No attempt is made to argue these assignments except in a joint, general discussion of the scurrilous assertions developed in the evidence. In our consideration we shall endeavor to ascertain whether the judgment is against the clear weight of the evidence.

In Spradling v. Spradling, 74 276, 181 Pac. 148, the rule is announced that:

"Where a foreign divorce was granted a wife on statutory grounds for fault of defendant, while he was a nonresident, served only by publication, the court had jurisdiction of nothing except the marriage status, and, without jurisdiction of the husband's person or property, any attempt to render a decree against him in personam for payment of alimony would be void."
—and:

"A suit against a former husband for alimony may be maintained by a former wife, who has obtained a decree of divorce from him, upon constructive service, in a court of another state having jursdiction over neither his person nor property; such decree not being res judicata of the subject of alimony, and the marital status, under the circumstances, being held not indispensable to cognizance of alimony in this state."

The suit was then properly brought, and proceeded to final determination. Section 508, Compiled Oklahoma Statutes 1921, provides, in substance, as applied to the facts in this case, that the amount of alimony awarded upon the granting of a divorce in favor of the wife should be such as is reasonable, having due regard to the value of the real and personal estate of the husband at the time the divorce is rendered.

This being an equitable action, the findings of the trial court should be sustained unless it appears that the judgment is clearly against the weight of the evidence. The judgment of the trial court should be strongly persuasive and should not be set aside unless this court can say in equity and good conscience that the conclusion reached is against the clear weight of the evidence. Speaks et al. v. Speaks, 98 Okla. 57, 224 Pac. 533.

We have examined the evidence, and find that the parties were not prospering at the time of the divorce; that they had acquired an equity in a home by joint labor; that shortly prior to the divorce the husband had

deeded whatever interest he had in this property to the wife; that the husband possessed nothing else and was in ill health; that the husband subsequently was married to another, and has acquired some property since the divorce, which is located in Oklahoma.

In Derritt v. Derritt, 66 Okla. 124, 168 Pac. 455, it is said:

"Under section 4969, Revised Laws 1910 (section 508, Compiled Oklahoma Statutes, 1921), the amount of an award of alimony to a wife must be reasonable, having due regard to the value of the real and personal estate of the husband at the time of the divorce, and may be made in real or personal property, or both, or in money, and if made in money, the amount awarded must be just and equitable."

See, also, Sango v. Sango, 105 Okla. 166, 232 Pac. 49.

The allowance for alimony, then, should be with a view to the circumstances of the parties as they existed at the date of the divorce decree. By the dissolution of the marriage, the relation of husband and wife ceased to exist. The subsequent financial condition of the parties exists as though no marriage had ever been had. Thereafter the husband has no claim to the property of the wife, nor the wife any interest in the after acquired property of the husband. Mitchell v. Mitchell, 20 Kan. 665 (2nd Ed.).

An award of alimony is in the nature of an award of property, and the court should consider the amount of the husband's property at the time of the divorce. We do not hold that the court could not make an award of alimony in the absence of an estate in the husband, for we think it the duty of the husband to support the wife when she is without fault and the husband is at fault, and he must labor, if need be, for her support. Muse v. Muse, 84 N. C. 35. And the presence of separate or community property, to which recourse can be had to enforce the payment of alimony, is not essential to warrant a decree for future maintenance. Gaston v. Gaston, 114 Cal. 542, 46 Pac. 609.

We hold that the husband's acquisitions after the divorce should not be taken into consideration in determining the amount, if any, of an alimony award (Kamp v. Kamp, 59 N. Y. 212; Cralle v. Cralle, 79 Va. 182); and that in the instant case, regard had to the circumstances of the parties at the time of the decree of divorce, the impoverished condition of the parties, the interest of the husband in the community property deeded to the wife, the physical condition of the husband which extended after the divorce, we

say that the judgment of the trial court is not against the clear weight of the evidence, in so far as alimony is concerned.

We now consider that aspect of the judgment which, under the evidence submitted, denies a recovery to the wife for money expended in the support and maintenance of the minor child.

The decree of divorce, rendered by the Iowa court, awards the custody of the child to the mother, but is silent as to the maintenance and support of the child. The court there did not have jurisdiction of the person or property of the defendant husband except by constructive service of summons, and the court having jurisdiction only of the plaintiff wife, of the marriage status, and of the custody of the minor child, it would have been impracticable to make, and impossible to enforce, any decree as to the support of the child in such a case. Thurston v. Thurston, 58 Minn. 279, 59 N. W. 1017.

The court is committed to the doctrine that a separate suit may be maintained between divorced parents for the support and maintenance of minor children. Horn v. Horn, 80 Okla. 60, 194 Pac. 102.

In this case the husband deserted his wife and minor child in Iowa and became a resident of Oklahoma. The natural obligation and duty of the father to provide reasonably for his children cannot be evaded by the father so conducting himself that the bonds of matrimony must be dissolved. It is fundamental that one cannot cast off an obligation by refusing to keep it, or remove a duty by an evil act. It is not the general policy of the law to deprive children of their rights on account of the dissensions of their parents, to which they are not parties, nor to enable the father to convert his own misdeeds and conduct into a shield against parental duty. (See section 507, Compiled Oklahoma Statutes, 1921).

The evidence in this case shows that the state of Iowa, upon the complaint of the mother, in February, 1912, issued its indictment of the defendant charging him with child desertion, and the defendant was arrested thereupon and was released upon his recognizance, the bail no doubt being conditioned upon his payment of support of his child in the sum of $25 per month, which he paid for five months, whereupon he left the state to avoid further enforced payment of support of his offspring, and with his second wife moved to Oklahoma City, and avoided making his whereabouts known to his former spouse or his child. In 1919 the defendant was arrested by the authorities of

Iowa upon the indictment of child desertion, but warrant of extradition was refused by the Governor of Oklahoma.

The child of the parties to this action was 17 years of age at the time of the filing of the petition herein.

We recite these facts for the purpose of showing that the support and maintenance of this child, as rendered by the mother over the period of seven years, cannot by implication be said to be voluntary. The divorce decree destroyed the relation of husband and wife and made them as strangers to each other, but it did not destroy the relation between the father and child. As to the child his duty and liability remained the same, except (1) in so far as he was incapacitated; (2) in so far as the decree discharged and released him from any natural. legal, or statutory duty to support her (this decree is silent as to support and maintenance); (3) in so far as it can be said, in view of section 8035, Compiled Oklahoma Statutes, 1921, that the support and maintenance rendered by the mother was voluntary, or without an agreement for compensation.

Section 8035, supra, reads as follows:

"A parent is not bound to compensate the other parent or a relative for the voluntary support of his child without an agreement for compensation, nor to compensate a stranger for the support of a child who has abandoned the parents without just cause."

Well-considered authorities hold that not only is a father liable personally in such instance for the support of a child, but that after his decease, his estate, if solvent, is likewise liable Dolloff v. Dolloff, 67 N. H. 512, 38 Atl. 19.

In Bondies v. Bondies, 40 Okla. 164, 136 Pac. 1089, wherein the mother was awarded custody of a minor child in a divorce proceeding instituted in a sister state and the decree was silent as to the support of the child, and the mother maintained and supported the child for a number of years, this court said, in quoting from McKay v. McKay, 125 Cal. 65, 57 Pac. 677:

"So far as the right of the wife to recover for past expenses incurred by her is involved, the principle is the same, whether the application is made in an independent action or through a motion in the original case."

The law implies a duty to the father to support his child, so that if a father abandons his duty to his infant child, he is liable for a suitable maintenance; not so, however, where the child leaves the father's house to avoid domestic discipline and restraint, for in the former the father is

blamable, in the latter blameless. See 20 R. C. L. 625, and 19 C. J. 354.

The Criminal Code of this state expressly places the duty upon a parent to support his minor child. Sections 1855, 1856, Compiled Oklahoma Statutes. 1921; Hunter v. State, 10 Okla. Cr. 119, 134 Pac. 1134; Owens v. State, 6 Okla. Cr. 110, 116 Pac. 345, 36 L. R. A. (N. S.) 633, Ann. Cas. 1913B, 1218. While the Criminal Code of this state, above cited, is not applicable for the reason of jurisdiction, that of Iowa applies, and having been applied, the civil action herein may grant relief of a civil nature accrued by reason of the effect of a criminal statute of a sister state.

Herein the money expended by the mother for the maintenance, support, and education of the child was not voluntary as contemplated by section 8035, supra, for by the quasi criminal action instituted in Iowa in 1912, which was an independent action, the implied voluntary support on the part of the mother ceased, and the father, by making bail, no doubt conditioned upon his support of his child, and by paying for five months at the rate of $25 for the support of his child, and by his action in thereafter deserting his child and removing from the state, will not be heard to say that he did not enter into an agreement for compensation for the support of his child then and there and thereafter until the child reached her majority. The plaintiff in error is entitled to this original action to recover from defendant in error a reasonable sum for money expended for the support of the child after the date of the divorce decree, for no implication can be given the divorce decree to the effect that the wife voluntarily assumed the burden of supporting the child, for when the independent criminal charges were filed the presumption of assumption of support of the child never came into existence, and, under the circumstances, we find no difficulty in abandoning the fiction and presumption that the duty to support the child and the child's obligation to serve the parent to whom custody had been awarded are reciprocal rights and that the loss of one operates to the release of the other, in that we do not think the reasoning in such cases is sound, for, if the divorce is granted for the father's misconduct, it is his wrongful act which deprives him of the services of the child, and not the courts, which intervene for the protection of the child.

We are inclined to the view that the law of nature and the law of the land, generally, require the father to support his children.

This is a definite and fixed obligation, which both the children and society itself are entitled to have enforced against him, and to hold that a decree of divorce granted for the fault and misconduct of the husband, giving custody of children to the mother, and silent as to support and maintenance, discharges the father's obligation of support of his offspring, is to allow him to profit by his perversity or take advantage of his own wrong; but such is the decision of our court in respect to the recovery of money expended prior to the modification of the decree of the original action or the institution of an independent action. Bondies v. Bondies, supra. The rule announced therein is rendered less harsh and severe by a liberal view as to the filing of independent actions and as to what constitutes an agreement for support of a child. Such a view we have attempted to follow herein, by holding that the quasi criminal action in Iowa was such an independent action as to remove an inference of voluntary maintenance of the child after the filing of said action and that recovery for maintenance may be had herein after the date of the institution of the said quasi criminal action less the amount paid thereunder.

The judgment of the trial court is affirmed as to the denial of a recovery for alimony, and reversed in failing to permit a recovery for money expended in support and maintenance of the child, with directions to proceed in conformity with the views herein expressed.

NICHOLSON, C. J., and HARRISON, MASON, LESTER, HUNT, and CLARK, JJ., concur. PHELPS, J., disqualified and not participating, having sat in the court below. BRANSON, V. C. J., absent, not participating.