Note.--See under (1) 1 C. J. p. 431 § 77; anno. 48 L. R. A. (N. S.) 524; 20 A. L. R. 1123; 6 A. L. R. 1338; 22 A. L. R. 299; 14 R. C. L. p. 1260; 3 R. C. L. Supp. 371; 4 R. C. L. Supp. p. 954; 5 R. C. L. Supp. p. 806. (2) 1 C. J. p. 415 § 38. (3) 32 C. J. p. 1152 § 265; 14 R. C. L. p. 926; 3 R. C. L. Supp. p. 316; 4 R. C. L. Supp. p. 931; 5 R. C. L. Supp. p. 787.

---

### JOSEY v. JOSEY.

Nos. 16303 and 16607, Consolidated—Opinion Filed April 13, 1926.

(Syllabus.)

1. **Divorce—Award of Custody of Children to Mother—Father's Continuing Duty to Support.**

A divorce decree awarding custody of minor children to the mother does not destroy the relationship between the father and the children. The father's duty and liability to support remains the same as theretofore, except (1) in so far as he is incapacitated, (2) in so far as the decree discharges and releases him from any natural, legal, or statutory duty to support his children, and (3) in so far as it can be said in view of section 8035, Compiled Oklahoma Statutes, 1921, that the support and maintenance rendered by the parent to whom custody has been awarded is voluntary, or without an agreement for compensation.

2. **Same — Validity of Order for Maintenance Made After Final Judgment.**

Under section 507, Compiled Oklahoma Statutes, 1921, the court granting a decree of divorce and awarding custody of minor children to the plaintiff, has authority, after final judgment in the action, to enter

an order providing for the maintenance and support of such children.

Error from District Court, Oklahoma County; T. G. Chambers, Judge.

Causes No. 16303, and No. 16607, consolidated. Judgment in the District Court of Oklahoma County granting divorce and custody of minor children to Ina Pearl Josey. The judgment was modified by order of December 3, 1924, directing William C. B. Josey to pay maintenance and support of said minor children. William C. B. Josey cited for contempt in failure to obey said order, convicted, and he appeals. Affirmed.

Gustave A. Erixon and Claude Weaver, for plaintiff in error.

Mike Foster and Hoyt & Stephens, for defendant in error.

RILEY, J. In cause No. 16303, the appeal is based upon a conviction of indirect contempt of court in the failure of the plaintiff in error to pay support and maintenance for his minor children as he was ordered to do. In cause No. 16607, the appeal is from a judgment of like contempt growing out of the same matter, but of a later date, together with a refusal by the court to vacate the order of December 3, 1924, which was the basis of the contempt proceedings.

The parties will be mentioned as they appeared below.

Ina Pearl Josey filed her action for divorce from her husband, William C. B. Josey, on May 17, 1924, in the district court of Oklahoma county. She was granted a decree of divorce June 5, 1924, at the fault of the defendant. Upon application of plaintiff on December 31, 1924, and without further notice to defendant, and upon an ex parte hearing, the court issued an order requiring defendant to pay $15 per week for maintenance of his minor children, whose custody had theretofore been awarded plaintiff under the decree of divorce. The defendant failed and refused to obey this order. On motion of plaintiff, the court cited the defendant to answer the charge of contempt. The defendant demanded and secured a jury trial and on March 24, 1925, the jury rendered a verdict of guilty against him and the defendant was sentenced to confinement in the county jail for a period of 30 days.

Forming the basis of cause No. 16607, on April 9, 1925, the defendant was again cited to answer a charge of contempt for a failure to obey the order of December 3, 1924, in his failure to pay maintenance and

support for his minor children for a time subsequent to that upon which his first appeal lay. The defendant pleaded a lack of jurisdiction. This the court overruled. The defendant filed his petition in the court below to vacate the order of December 3, 1924, which was the support and maintenance order.

By agreement the contempt charge and the petition to vacate the order of December 3, 1924, were consolidated and tried to the court without the intervention of a jury. Judgment in both matters was rendered against the defendant, and he was sentenced to jail for contempt. On appeal the causes were consolidated and both judgments were superseded.

It is first contended by the defendant that he and the plaintiff entered into a contract which was approved by the court in the divorce decree whereby the property rights of the parties were settled, and that such a status precluded the court from making such farther order as it did on December 3, 1924.

We do not agree in any particular with this contention. The father's duty to support his minor children is a continuing obligation subject to certain limitations. A divorce decree, awarding custody of minor children to the mother, does not destroy the relationship between the father and the children. The father's duty and liability to support remains the same as theretofore, except (1) in so far as he is incapacitated, (2) in so far as the decree discharges and releases him from any natural, legal, or statutory duty to support his children, and (3) in so far as it can be said, in view of section 8035, Compiled Oklahoma Statutes 1921, that the support and maintenance rendered by the parent to whom custody has been awarded is voluntary or without an agreement for compensation.

The defendant contends that the equity conveyed to plaintiff in the property settlement was in the value of $1,500. The testimony of plaintiff is that she received by sale of this property $153, and that after defendant was first cited for contempt he paid her $100 for the support of the children, and that this is all that the defendant has contributed to the support of his wife or children. The divorce decree is silent as to the support of the children, likewise the agreement approved.

The case of Bondies v. Porter, 40 Okla. 89, 136 Pac. 11, cited, is not applicable for the reason that there the action for the recovery and maintenance was by a relative,

114-8

but not based upon an order of the court for support.

The case of Bondies v. Bondies, 40 Okla. 164, 136 Pac. 1089, is applicable wherein it cites Kendall v. Kendall, 5 Kan. 688, 48 Pac. 940, to the effect:

"Later in the same case the mother filed a motion for modification of the decree and the district court thereupon made the following order: '* * * (for support of minor children).'

"Upon appeal the court held that the trial court could require defendant to provide future support for the children, but payments must date from the modification decree, and that the order for payment for past support was error. * * *

"The court has power to make such orders for future maintenance of minor children *. * * after final decree has been entered."

In the case of Holt v. Holt, 23 Okla. 648, 102 Pac. 187, this court, in opinion by Mr. Justice Dunn, said:

"Under this statute we entertain no doubt that any change or modification or any order in reference to the child should be made on motion in the original action."

In cause No. 16303, the order of December 3rd, modifying the divorce decree, providing for maintenance of minor children, was made without notice, yet the same was served upon the defendant the next day, and on January 8th the defendant was served with the order to appear and show cause why he was not in contempt in his failure to obey the same, and on the day designated in the citation he appeared and filed his response. Upon a hearing the defendant was found to be physically unable to work, and, therefore, not in contempt. He was again cited to appear on January 29, 1925, and the matter was passed at that time. It appears the final citation, upon which the defendant was tried and convicted, was issued on March 10, 1925. So that it cannot be said that the defendant did not enter his appearance or have an opportunity to be heard.

Section 507, Compiled Oklahoma Statutes 1921, provides:

"When a divorce is granted, the court shall make provision for guardianship, custody, support, and education of the minor children, * * * and may modify or change any order in this respect whenever circumstances render such change proper. either before or after the final judgment in the action."

The plaintiff makes no claim for herself for alimony. Certainly the court had the power and authority and a duty to perform under the showing made. by virtue of section 507, supra, to modify the decree in the original cause so as to provide for the three minor children.

It is contended that the plaintiff is estopped by reason of the property settlement to maintain or receive the benefits of the judgment for maintenance or support contained in the order of December 3rd. However, it is obvious that the benefits derived from this order and judgment were wholly for the support and maintenance and benefit of the minor children. We are not concerned here as to whether an estoppel would operate against the plaintiff in a judgment for her benefit. The minors are not barred by the acts of their mother, the plaintiff, and the plaintiff, acting for them, is not estopped.

The defendant complains that he was tried and convicted in the district court of Oklahoma county before Honorable T. G. Chambers, district judge, on March 23, 1925, by a verdict of the jury without a complaint or affidavit setting forth the facts constituting the contempt, but we observe that the plaintiff had caused to be filed a motion therein, duly verified, wherein it properly alleged the existence of the order of December 3rd, and a specific violation of that order by this defendant. This motion sufficiently informed the defendant as to the nature of the charges against him, and the omission of his duty to pay as directed in the order. The defendant had previously been cited for contempt of the same order and had paid $100 theretofore, to escape the sentence of court, and we think he was sufficiently informed as to the proceeding brought against him by the verified motion of the plaintiff, which constituted a substantial charge.

The judgments of the lower court are affirmed.

NICHOLSON, C. J., BRANSON, V. C. J., and MASON, PHELPS, LESTER, and HUNT, JJ., concur. CLARK, J., not participating.

Note.—See under (1) 19 C. J. p. 354 § 814; anno. 2 L. R. A. (N. S.) 851; 15 A. L. R. 569; 9 R. C. L. p. 480; 2 R. C. L. Supp. 812; 4 R. C. L. Supp. p. 610. (2) 19 C. J. p. 357 § 818.