## PHILLIPS v. HOME UNDERTAKERS et al.

No. 30960. June 8, 1943.

*138 P. 2d 550.*

Whitten & Whitten, of Oklahoma City, for plaintiff in error.

John J. Carney, of Oklahoma City, for defendant in error Tina A. Phillips.

Walter L. Gray, of Oklahoma City, for defendant in error the Home Undertakers.

HURST, J. Plaintiff, the Home Undertakers, sued the defendants, Walter W. Phillips and Tina A. Phillips, the father and mother of a minor child, to recover funeral expenses incurred incident to its burial. Upon trial to the court, judgment was rendered against Walter W. Phillips only, and he appeals.

In March, 1938, in an action against Walter for separate maintenance, Mrs. Phillips secured a decree in the district court of Oklahoma county awarding her the custody of the three minor children of the marriage, and decreeing that for the purpose of supporting the children she should have the exclusive right to manage and receive the income from all the properties belonging to Walter, therein specifically described. The cross-petition of Walter for a divorce in such action was denied.

In July, 1939, the parties were divorc-

ed by the district court of Oklahoma county. The decree did not mention the former judgment but awarded the custody of the children to the mother and approved a property settlement previously made between the parties which provided that Walter should convey to Mrs. Phillips all the properties covered by the previous decree, together with other properties and the home.

Neither the parties nor the court seem to have intended that the divorce decree should abrogate the provisions of the first decree. Both parties understood that the conveyances of the property covered by the first decree were for the benefit of the children. It was stipulated that Walter had conveyed the properties to Mrs. Phillips for the benefit of the deceased child and the two other children, and Mrs. Phillips testified that Walter had complied with all the orders of the district court made relative to child support.

In 1940, the child became seriously ill and Walter provided it medical and hospital care, for which he paid the sum of $553. Upon the death of the child, Mrs. Phillips made arrangements with the plaintiff for its burial. Both she and the plaintiff attempted to induce Walter to go to the plaintiff's establishment and incur the indebtedness himself, but he refused to do so, whereupon, at her direction, the funeral expense was charged to him.

It is apparent that there was no contract, either express or implied, upon the part of Walter to pay the expenses of burial. The question, then, is whether the duty is imposed upon him by law. The case, therefore, presents the single legal question of whether, under the laws of this state, in the absence of an agreement, a third person can recover from a father for the burial of his minor child, when by a decree of court the custody and control of the child has been taken from him and given to the mother, and the father has fully complied with all the orders of the court relative to the support of the child.

Determination of the question thus presented requires consideration of the following statutory provisions:

"The parent entitled to the custody of a child must give him support and education suitable to his circumstances. If the support and education which the father of a legitimate child is able to give are inadequate, the mother must assist him to the extent of her ability. 10 O. S. 1941 § 4.

"If a parent neglects to provide articles necessary for his child who is under his charge, according to his circumstances, a third person may in good faith supply such necessaries and recover the reasonable value thereof from the parent." 10 O. S. 1941 § 13.

"When the parties appear to be in equal wrong the court may in its discretion refuse to grant a divorce . . . and . . . may for good cause shown make such order as may be proper for the custody, maintenance and education of the children . . . ." 12 O. S. 1941 § 1275.

"When a divorce is granted, the court shall make provision for guardianship, custody, support and education of the minor children of the marriage, and may modify or change any order in this respect, whenever circumstances render such change proper either before or after final judgment in the action." 12 O. S. 1941 § 1277.

"If the deceased were not a married woman, but left any kindred, the duty of burial devolves upon any person or persons in the same degree nearest of kin to the deceased, being of adult age, and possessed of sufficient means to defray necessary expenses." 21 O. S. 1941 § 1158 (2).

1. We are of the opinion that funeral expense is a "necessary" as that term is used in the above statutes, the same as are food, clothing, or medical care, and that liability therefor is governed by the same rules which govern liability for other necessaries. 39 Am. Jur. 685; 20 R. C. L. 626; Colovos' Adm'rs v. Gouvas, 269 Ky. 752, 108 S. W. 2d 820; Bair v. Robinson, 108 Penn. St. 247, 56 Am. Rep. 198. We are also of the opinion that it is within the meaning of the words "support" and "maintenance," as those words are used in sections 1275,

1277, above, granting the court authority to make provision for the support and maintenance of the children in divorce proceedings. Dodge v. Keller, 29 Ohio App. 114, 162 N. E. 750.

2. Section 1158 is found in the Penal Code. Its primary purpose is to impose the duty of burying a dead body upon certain persons. It was enacted in the interests of public health and to relieve the anxiety which all people might otherwise feel in regard to the proper disposition of their remains (15 Am. Jur. 832), and its violation is made a criminal offense. 21 O. S. 1941 § 1159. The duty of burial and the ultimate liability therefor are separate and distinct. While the person charged with such duty will, of course, be liable on any contract he may make with third parties for the burial, and while in certain cases, as for example where the deceased left no estate or closer relatives, the party charged with such duty may be forced to bear the ultimate expense thereof (Kali Inla Coal Co. v. Craig, 36 Okla. 193, 128 P. 117), it is, nevertheless, apparent that the ultimate liability for such expense does not in all cases fall upon the person charged by the statute with the duty of burial. For example, it is a husband's duty to bury his wife, yet her estate is primarily liable therefor, and if the husband, by reason of a contract, is required to pay such expense, he may recover the same from the estate as a preferred claim. In re Wilson's Estate, 160 Okla. 23, 15 P. 2d 825. Under such a statute the person who has the duty of burying a body has the right to its possession for that purpose (25 C. J. S. 1025 § 5; Enos v. Snyder, 131 Cal. 68, 63 P. 170, 82 Am. St. Rep. 330, 53 L. R. A. 221), and where parties have been divorced and the custody of a child given to one parent, that parent has the right to bury the child upon its death. 15. Am. Jur. 835. We conclude that under section 1158, above, the duty and right of burial of the deceased child rested upon and belonged to Mrs. Phillips, but that such statute does not conclusively establish her ultimate liability for the expense thereof. We must look, then, to the other statutes to determine

the liability to the funeral home for the burial expense, as between Walter and Mrs. Phillips.

3. In the case of Bondies v. Porter, 40 Okla. 89, 136 P. 417, we considered sections 4 and 13, above, and held that by virtue thereof a father who had been deprived of the custody of a child by judicial decree was not liable to third parties who furnished necessaries to such child in the absence of an agreement. We pointed out that these statutes came to us from California by way of the Dakotas, and followed the construction given to the original statutes by the California court in the case of Selfridge v. Paxton, 145 Cal. 713, 79 P. 425. We quoted with approval the statement of that court that "by these sections the duty to support a child and the liability to the third person for necessaries furnished it are clearly confined to a parent 'entitled to the custody' of the child and having it 'under his charge'; and no such liability attaches to a parent who has been deprived of such custody and charge." This holding was followed and approved in Bondies v. Bondies, 40 Okla. 164, 136 P. 1089. In the later cases of Josey v. Josey, 114 Okla. 224, 245 P. 844, and West v. West, 114 Okla. 279, 246 P. 599, we said that after a decree of divorce awarding the custody of children to the mother, the father's duty to support the children remains as before, except (1) in so far as he is incapacitated, (2) in so far as the decree discharges and releases him from any natural, legal, or statutory duty to support his children, and (3) in so far as the support given by the mother may be voluntary. In the case of Josey v. Josey, above, it was merely held that a court granting a decree of divorce and awarding the custody of the children to one parent had power to enter an order providing for the maintenance of the children after the divorce decree had become final. The case of West v. West, above, was decided upon the ground that the father, by his actions, had impliedly agreed with the mother to support the children. Neither case involved the question of the liability of a parent to third persons for necessaries furnished

his child, nor did either case change the rule established in Bondies v. Porter and Bondies v. Bondies, above. This is shown by the fact that both opinions cite and either follow or distinguish one or both such cases. It follows that under our statutes a father, deprived of the custody of his minor child by a decree of divorce which grants the custody of said child to the mother, is not liable to a third person for the expense of the burial of such child, in the absence of an agreement to pay the same, and that the trial court committed error in rendering judgment against defendant Walter Phillips therefor.

Reversed, with instructions to render judgment for defendant Walter W. Phillips.

OSBORN, BAYLESS, WELCH, and ARNOLD, JJ., concur. GIBSON, V. C. J., concurs in result. CORN, C. J., and RILEY and DAVISON, JJ., dissent.