ROSS v. ROSS.

No. 33225.   March 1, 1949.

*203 P. 2d 702.*

John T. Levergood and M. L. Hankins, both of Shawnee, for plaintiff in error.

Van H. Albertson, of Shawnee, for defendant in error.

JOHNSON, J. This is an appeal by Elmer Ross from final order and judgment of the trial court directing him to pay to Grace Ross the sum of $25 per month, from April 11, 1947, until January 11, 1949, for the support of their daughter, Viola Ross, and $100 attorney's fee for plaintiff's attorney and costs. On April 9, 1947, Grace Ross filed a petition in the district court of Pottawatomie county alleging that both she and Elmer Ross, defendant, were residents of said county; that they were formerly husband and wife, and had one child born of said union, Viola Ross, who was 16 years of age on January 11, 1947; that a divorce was granted the defendant in Nueces county, Texas, in 1942; that the care, custody, and control of the minor child, Viola Ross, by the decree in said divorce action, was awarded to Grace Ross, and that Elmer Ross was directed to pay the plaintiff the sum of $15 per month for child support until the child reached the age of 16 years; that on January 11, 1947, Elmer Ross stopped the payment of support and has paid nothing since; that the plaintiff was unable to support said minor child; that plaintiff and defendant and also the minor child all now live and reside in Pottawatomie county, Oklahoma; that the child is a minor and it is the duty of the father to support said minor child until she reached her majority.

After service of summons was made upon defendant, he filed a plea to the jurisdiction and a motion to dismiss, setting up the following grounds: That this is not a divorce action; that the minor child, Viola Ross, is under the jurisdiction of the district court of Nueces county; that the district court has no jurisdiction over minor children except in divorce actions; that the county court is given exclusive jurisdiction over minor children except in divorce actions; that in the divorce action in Nueces county, Texas, in 1942, a divorce was granted to the defendant herein and the custody of the minor child was given to the plaintiff, and the defendant was directed to pay to the plaintiff the sum of $15 per month, as support for said minor until such child reached the age of 16 years and that all payments had been paid until she reached the age of 16 years; that the question of child support had thus been adjudicated in Nueces county, Texas, and that the judgment had become final and was res judicata of the action and that the district court of Nueces county, Texas, had exclusive jurisdiction to change, modify, or extend payment in said case, and the district court of Pottawatomie county, Oklahoma, was without jurisdiction to hear said matter.

On April 30, 1947, the defendant filed a supplemental motion to dismiss, alleging that Viola Ross is the real party in interest and this is not a divorce action and could only be brought in the name of Viola Ross by and through her next friend as provided by the statutes. On May 1, 1947, after argument, the motion and supplemental motion were overruled.

On May 2, 1947, an order was entered directing the defendant to pay the plaintiff $25 per month during the pendency of the suit, payments to begin May 10, 1947, and also to pay suit money and temporary attorney's fee. On May 10, 1947, the defendant filed a motion to set aside the order of May 2, 1947, and on the same date filed a demurrer to the petition of the plaintiff stating the following grounds:

"(1) Because petition does not state a cause of action.

"(2) That the suit is not one for divorce nor custody of minor child, but a suit for support money, which had already been adjudicated in Nueces County, Texas. That the judgment thus rendered had been paid in full. That it was the only judgment the court of

that state could render under the law of that state, was not appealed from and had become final and binding, and was res judicata to the present suit, all of which appeared on the face of the petition, and that the Court had no jurisdiction of such case.

"(3) Because the suit was not brought in the name of the minor by her next friend.

"(4) Because it is not alleged in the petition that the conditions had changed since the award by the Texas Court in 1942.

"(5) Because the plaintiff, Grace Ross, is not the real party in interest.

"(6) Because the judgment of Nueces County, Texas, as pleaded in the petition is a final judgment, and under the Full Faith and Credit clause of the Constitution of the United States, Article 4, Section 1, is res judicata to the present suit, this court having no jurisdicion to hear and try such case."

After argument on May 14, 1947, and the submission of briefs, subsequently, the trial court on July 1, 1947, overruled the motions and demurrer to the petition and rendered judgment for plaintiff. On the same day, motion for new trial was overruled and this appeal was perfected.

The evidence as to the law of the State of Texas as to the jurisdiction of a district court of that state in making an award for the support of minor children in divorce cases is conceded by both parties to be stated in section 4639-A, Vernon Civil Statutes of Texas, which in substance provides that the district court may in divorce cases by judgment order either parent to make periodical payments for the benefit of such child or children until the same have reached the age of 16 years, or said court may enter a judgment in a fixed amount for the support of such child or children and that said court shall have the power and authority to alter or change such judgments or suspend the same as the facts and circumstances and justice may require.

A simple statement of the facts and issues involved in this case are as follows: The plaintiff and defendant herein were husband and wife and had a minor daughter, Viola. In 1942, the husband brought an action against his wife for divorce in Nueces county, Texas, wherein the divorce was granted to him, but custody of the minor child was given to his wife. He was directed by that judgment to pay $15 per month for the support of his minor daughter until she reached the age of 16 years. At the time the daughter reached the age of 16 years, the husband, the wife, and the daughter were domiciled in Pottawatomie county, Oklahoma. At that time, the father stopped making the $15 monthly payments, which until that time had been regularly made. The present suit was filed seeking money for the support of the child until she reaches her majority under the law of Oklahoma.

The issue presented herein is whether the judgment of the district court of Nueces county, Texas, awarding support for the minor child until she reached 16 years of age bars this action by the mother seeking a judgment for support of the child for the time between 16 and 18 years of age.

The defendant urges that the question of minor child support having been adjudicated in Nueces county, Texas, and the judgment therein rendered having been fully satisfied and final, is res judicata of another action concerning the same matter in another court as required by the Full Faith and Credit clause of the Constitution of the United States.

Of the cases cited by the defendant, only the case of Yarborough v. Yarborough, 290 U.S. 202, 78 P. Ed. 269, upon which defendant greatly relies, need be considered, but is readily distinguishable from the instant case. In that case, a decree of divorce was entered by a Georgia court awarding custody of the minor child to the mother and directing that the father pay a

stated amount for the maintenance of the minor child. The mother and child moved to South Carolina, and later, when the support money had been spent and during the minority of the child, the daughter instituted a suit in South Carolina for additional support money. The father pleaded that the judgment rendered by the Georgia court was res judicata. The judgment of the South Carolina court was for the plaintiff, but the Supreme Court of the United States reversed the South Carolina court and held that the judgment of the Georgia court was final and res judicata of the action in South Carolina under the Full Faith and Credit clause of the Federal Constitution. In the majority opinion in that case it is said:

"The character and extent of the father's obligation, and the status of the minor, are determined ordinarily not by the place of the minor's residence but by the law of the father's domicile. . . . The fact that Sadie has become a resident of South Carolina does not impair the finality of the judgment. South Carolina thereby acquired the jurisdiction to determine her status and the incidents of that status. Upon residents of that State it could impose duties for her benefit. Doubtless, it might have imposed upon her grandfather who was resident there a duty to support Sadie. But the mere fact of Sadie's residence in South Carolina does not give that State the power to impose such a duty upon the father who is not a resident and who long had been domiciled in Georgia. He has fulfilled the duty which he owes her by the law of his domicile and the judgment of its court. Upon that judgment he is entitled to rely. . . . We need not consider whether South Carolina would have power to require the father, if he were domiciled there, to make further provision for the support, maintenance, or education of his daughter."

Thus, it must be noted that the situation here is exactly the situation which was excluded from the considerations of the Supreme Court of the United States in the Yarborough case, supra, while recognizing the sovereign power of a state to determine the status and incidents of the status of its residents and to impose duties upon them growing out of their status. In other words, if the father's domicile had been in South Carolina instead of Georgia, he would have been amenable to the laws of South Carolina, which may have imposed upon him the duty of supporting his minor child. But in the instant case, the child and the father and mother of the minor child are residents of Oklahoma.

We have recognized that under 10 O.S. 1941 §§4, 13, the duties to support a child are clearly confined to a parent "entitled to the custody" of the child and having it "under his charge" and no such liability attaches to a parent who has been deprived of such custody and charge. Phillips v. Home Undertakers, 192 Okla. 597, 138 P. 2d 550; Bondies v. Bondies, 40 Okla. 164, 136 P. 1089. In the cases of Josey v. Josey, 114 Okla. 224, 245 P. 844, and West v. West, 114 Okla. 279, 246 P. 599, we said that after a decree of divorce awarding the custody of children to the mother, the father's duty to support the children remains as before, except (1) in so far as he is incapacitated, (2) in so far as the decree discharges and releases him from any natural, legal or statutory duty to support his children, and (3) in so far as the support given by the mother may be voluntary.

This court is committed to the doctrine that a separate suit may be maintained between parents for the support and maintenance of minor children. West v. West, supra, Horn v. Horn, 80 Okla. 60, 194 P. 102.

Although the judgment of the Texas court directed the father to pay $15 per month for the support of his daughter until she reached the age of 16, this decree discharges and releases him from his natural duty to support his child only to that extent and is an adjudication of his liability toward his child only during that time.

In Bondies v. Bondies, supra, we discussed with approval the case of Gra-

ham v. Graham, 38 Colo. 453, 88 P. 852, 8. L.R.A. (N.S.) 1270, 12 Ann. Cas. 137, wherein the $2,000 awarded plaintiff in a divorce action by the court in Arapahoe county for support of minor children had been paid and spent for such purpose and a further judgment for support of the minor children rendered by the court of Denver county affirmed. In that case we recognized that the judgment in the divorce case did not determine the extent of the liability of the father; that the children were not parties to the action, and their rights were not concluded thereby. We conclude that in the instant case the trial court properly held that the Texas judgment was not determinative of the extent of liability of a parent for support of a minor child when all the parties are residents of Oklahoma and that the extent of such liability is properly a matter of concern of Oklahoma and must be measured by its rules.

Defendant contends as his second proposition that rendering of final order and judgment for plaintiff requiring the defendant to pay support money for the minor in the sum of $25 per month, from April 11, 1947, until January 11, 1949, and attorney's fees in the sum of $100, without the taking of proof to support the allegations of the petition, was error. With this we agree. 12 O. S. 1941 §688 requires if proof of a fact be necessary to enable a court to pronounce judgment after a decision on an issue of law to hear proof or refer the same to a referee or master commissioner or submit it to a jury. It is clear the very liability of the father and the extent of that liability and the amount of attorney's fees to be allowed is dependent upon the facts and circumstances to be proved.

It is the further contention of the defendant that the court was without authority in any event to allow plaintiff an attorney's fee. With this contention we cannot agree.

The basis of plaintiff's claim for child support and attorney's fee grows out of the marriage of the parties, and the rights and obligations arising from and consequent upon that relation, and in the proper case the trial court may make an allowance of an attorney's fee as in a case for divorce and alimony or for alimony alone. Spradling v. Spradling, 74 Okla. 274, 158 P. 190; Miller v. Miller, 186 Okla. 566, 99 P. 2d 515.

Reversed, with directions to proceed in conformity with the views herein expressed.

ARNOLD, V.C.J., and CORN, GIBSON, LUTTRELL, HALLEY, and O'NEAL, JJ., concur.