Herbert A. STRACHAN, Plaintiff in Error,

v.

Elva Lou STRACHAN, Defendant in Error.

No. 38099.

Supreme Court of Oklahoma.

Oct. 21, 1958.

Bledsoe, Nicklas & Chrisman, Lawton, for plaintiff in error.

Burton, Jones & Sasser, Lawton, for defendant in error.

JOHNSON, Justice.

This appeal stems from an attempt of both the father and mother to modify a previous order and judgment of the trial court awarding to them the divided care and custody of their two minor children, Herbert Arnold Strachan and Ann Pittman Strachan, who, when the applications to modify the former decree were filed (3–18–57 and 6–18–57), were approximately 15 and 10 years old respectively.

The record discloses that plaintiff, the mother, obtained a divorce from the defendant, the father, in May of 1954, at which time she was awarded the care and custody and control of the minor children, subject to visitation by defendant at reasonable times and subject to summer custody of the children by the defendant, to be agreed upon by the parties. The parties could not agree as to summer-time custody, therefore this order was modified by a subsequent order of January 31, 1956, wherein the court took partial custody away from the defendant giving plaintiff exclusive custody, subject to partial custody in defendant's (the father's) mother; said order specifically stating that beginning with the first weekend of each calendar month, from and after February, 1956, that the mother of the defendant should have custody of the children on Friday afternoon, on the first Friday of each calendar month, until the following Sunday afternoon at 2:00 p. m. and required the plaintiff to deliver the children to the home of the mother of the defendant, and defendant was given only visiting privileges. The order further provided that the children could visit their aunt and cousins living in Duncan. The last above mentioned order was modified by the court on July 24, 1957, in the following particulars, to-wit:

"It was therefore ordered, adjudged and decreed by this Court on July 24, 1957, that the Order entered on January 31, 1956, remain in full force and effect, except that same is modified as follows:

"That the visitation period of said children on the part of the defendant for the first weekend of each July shall be terminated; that after said children are delivered by the plaintiff to the defendant's mother at Duncan on the first weekend of each and every other calendar month as prescribed in said Order, custody shall be delivered by defendant's mother to the defendant, but said children shall be returned to the defendant's mother on Sunday as prescribed in the order of January 31, 1956. The custody of said minor children during the month of June of each calendar year shall remain in defendant's mother as set forth in said Order of January 31, 1956; provided, however, defendant is given the right, if he so desires, during said period to take said children on trips, and during said trip said children will be in his custody. * * *"

It was further ordered that defendant pay his attorney a fee of $1,500 and that he pay plaintiff's attorney a fee of $1,000,

The defendant, plaintiff in error, filed a motion for a new trial, which was overruled, resulting in this appeal.

The assignments of error are presented under two separate propositions, to-wit:

"The court erred in applying the law to the facts in the case, the defendant as a matter of law being entitled to custody of the children.

"The court abused his discretion in allowing plaintiff $1,000.00 attorney fee in the case."

The father and mother each charged the other as being unfit to have the care and custody of the children.

The only evidence adduced as to parents' unfitness to have the care and custody of the children was that of the father relative to the unfitness of the mother, which was not denied nor defended by her and was admitted by her demurrer to the evidence.

■ The children apparently are of an age to require education and preparation for their life's work, and, other things being equal between the parents, the father (who has remarried and has a suitable home for the children) should have been given their care and custody in the absence of a showing that it was not for their best interest; or that it was the preference of the children that they remain with their mother. 30 O.S.1951 Sec. 11. See also cases cited under 30 O.S.A. Sec. 11.

■ There was no evidence that it was for the best interest of the children that the mother should have the care and custody of the children to the exclusion of the father. It appears that the children were of sufficient age to form an intelligent preference as to which parent they preferred, but the record is silent other than that the judge's order pertaining to the disposition of their care and custody stated that he had heard the evidence of the parties' minor children, Ann Strachan and Herbie Strachan, in his chambers; and, though the children were old enough to testify in the case, yet what testimony they gave, if any, was taken in the judge's chambers and not recorded, or, at least, is not shown in the record. Neither the defendant nor his attorney was permitted to be present during the interrogation of the children.

The rule governing the action of trial judges in the disposition of the care and custody of minor children is found in our statutes, 30 O.S.1951 Sec. 11 and provides:

"In awarding the custody of a minor, or in appointing a general guardian, the court or judge is to be guided by the following considerations:

"1. By what appears to be for the best interests of the child in respect to its temporal and its mental and moral welfare; and if the child be of sufficient age to form an intelligent preference, the court or judge may consider that preference in determining the question.

"2. As between parents adversely claiming the custody or guardianship, neither parent is entitled to it as of right, but, other things being equal, if the child be of tender years, it should be given to the mother; if it be of an age to require education and preparation for labor or business, then to the father."

We think the order, under this statute, was not supported by the evidence, and, therefore, the order is vacated and the cause is remanded with directions to offer evidence on the question of whether it is for the best interest of the children that they be left in the mother's custody, or whether they are of sufficient age to form an intelligent preference, and that the record be made to reflect such best interest and preference; otherwise, the father is to have the care and custody of the children under the provisions of 30 O.S.1951 Sec. 11, supra.

We next consider the second proposition of whether the court abused its discretion in allowing plaintiff's attorneys fee.

The record discloses that the trial judge not only set the plaintiff's final attorney fee at $1,000 without any showing as to the reasonableness or justness of same, but that he set the fee for defendant's attorney at $1,500 without being asked to do so. While the question of defendant's attorneys fee is not herein raised, yet we cannot but take note of the court's action relative thereto in considering the $1,000 attorney's fee allowed plaintiff's attorney without any showing whatever that such fee was commensurate with the work done and ability to pay.

We conclude that the trial court in allowing the $1,000 final attorney's fee with-

out any showing that such fee was commensurate with work done or ability to pay was an abuse of discretion. Ross v. Ross, 201 Okl. 174, 203 P.2d 702.

The cause is reversed and remanded for further proceedings consistent with the views herein expressed.

CORN, V. C. J., and DAVISON, WILLIAMS and CARLILE, JJ., concur.

HALLEY, J., concurs in result.

BLACKBIRD, J., dissents.