Bill Preston SEELY, Plaintiff in Error,

v.

Richy Bright SEELY, Defendant in Error.

No. 38386.

Supreme Court of Oklahoma.

Sept. 22, 1959.

Rehearing Denied Feb. 2, 1960.

Creekmore Wallace, Pryor, for plaintiff in error.

Roehm A. West, Jr., Charles E. Norman, Tulsa, for defendant in error.

BERRY, Justice.

This is a proceeding by petition on the part of Bill Preston Seely, plaintiff in error, hereafter referred to as "defendant", to vacate a divorce decree rendered in the trial court on November 14, 1957, in an action in which defendant was defendant and Richy Bright Seely, defendant in error, hereafter referred to as "plaintiff", was plaintiff.

The trial court denied defendant's petition to vacate the divorce decree, and from order overruling defendant's motion for new trial, defendant perfected this appeal.

Plaintiff and defendant were married October 19, 1956. Following their marriage they lived on a 19.92-acre tract of land at Alluwe, Nowata County, Oklahoma. Plaintiff testified that in March, 1957, defendant abandoned her and went to Colorado; that in the first part of May, 1957, she moved to Tulsa, Oklahoma, for the purpose of seeking employment at Douglas Aircraft where she had been employed prior to her marriage; that at said time she was pregnant about four months and for said reason her former employer declined to employ her; that she continued to live in Tulsa about two months; that she had her mail forwarded from Claremore, Oklahoma, where she had been living with her parents following defendant's alleged abandonment, to her Tulsa address; that when she moved to Tulsa she intended to find employment there and make Tulsa her permanent home.

Plaintiff filed the divorce action in controversy May 21, 1957. After the action was filed service by publication was had on defendant. Thereafter, and in September, 1957, summons was served on defendant in said action in Rogers County, Oklahoma. Defendant failed to file an answer in said action and plaintiff on November 14, 1957, obtained a divorce decree by virtue of which she was granted a divorce, custody of the minor daughter of plaintiff and defendant, the tract of land heretofore referred to, subject to a mortgage thereon, child support in the amount of $150 a month, $5,000 in alimony and an attorney's fee of $2,500.

Defendant testified that he didn't abandon plaintiff but to the contrary prevailed upon her to move to Nevada where he became a resident; that on August 22, 1957, he obtained a divorce in Nevada, which divorce was granted on service by publication on plaintiff; that he knew of plaintiff's action to obtain a divorce; that he didn't defend said action because plaintiff told him that she had had the action "cancelled"; that he remarried shortly after the Nevada divorce decree was granted.

In the Nevada divorce decree a divorce only was granted and no mention was made of division of property, alimony or child support.

Defendant contends that the trial court was without jurisdiction in the instant case because plaintiff was not a bona fide resident of Tulsa County on the date she filed suit for divorce and that plaintiff was guilty of fraud in obtaining the divorce decree; that the divorce decree is "void" in so far as awarding plaintiff title to the tract of land for the reason the tract was not acquired during coverture; that the Nevada divorce decree "was res judicata and entitled to full faith and credit". We will consider defendant's contentions in the order in which stated.

The plaintiff testified that at the time she filed the divorce action which resulted in the divorce decree in controversy, she was a resident of Tulsa and that she wanted to

live in Tulsa and stay there; that she moved her personal effects to Tulsa; that her baby was born there; that she had her mail forwarded to Tulsa; that while living there she considered that Tulsa was her home and not Claremore and that she did not tell defendant that she would dismiss the divorce action. Plaintiff's testimony in the foregoing particulars was corroborated by a friend's testimony in whose home plaintiff was living at the time she filed the divorce action. Defendant stresses the fact that upon entering the Tulsa hospital when her baby was born, plaintiff gave a Claremore address. This information was given by plaintiff's mother and not by plaintiff, and for said reason said evidence does not overcome evidence offered by plaintiff that she was a resident of Tulsa at the time she filed the divorce action.

■ The Nevada court rendering the divorce decree relied upon by defendant did not, as heretofore pointed out, adjudicate plaintiff's asserted right to alimony, division of property or child support. It therefore follows that said judgment, which was based on constructive service, did not bar or foreclose the trial court from adjudicating said matters. Spradling v. Spradling, 74 Okl. 276, 181 P. 148; West v. West, 114 Okl. 279, 246 P. 599; Miller v. Miller, 186 Okl. 566, 99 P.2d 515. In the case first above cited, this was said in the first paragraph of the syllabus:

"A suit against a former husband for alimony may be maintained by a former wife, who has obtained a decree of divorce from him, upon constructive service, in a court of another state having jurisdiction over neither his person nor property; such decree not being res judicata of the subject of alimony, and the marital status, under the circumstances, being held not indispensable to cognizance of alimony in this state."

There remains for consideration the matter of whether the trial court's action in awarding the tract and household effects was beyond said court's jurisdiction.

This portion of the judgment reads as follows:

"That defendant is an able-bodied man who is self-employed and earns approximately $4,000.00 each month; that defendant is owner of a tract of real property, described as follows:

(description of 19.92-acre tract set forth)

"that said property above described is now mortgaged to the Claremore Federal Savings and Loan Association of Claremore, and that a balance is now remaining due of approximately $6,-500.00 on said mortgage; that said property above described was the home of plaintiff and defendant during their marriage and that plaintiff should be awarded said home and the household furnishings, equipment and effects contained therein subject to the said mortgage."

The applicable statute, 12 O.S.1951 § 1278, reads in part as follows:

"When a divorce shall be granted by reason of the fault or aggression of the husband, the wife shall be restored to her maiden name if she so desires, and also to all the property, lands, tenements, hereditaments owned by her before marriage or acquired by her in her own right after such marriage, and not previously disposed of, and shall be allowed such alimony out of the husband's real and personal property as the court shall think reasonable, having due regard to the value of his real and personal estate at the time of said divorce; * * *"

■ In McElreath v. McElreath, Okl., 317 P.2d 225, 227, we held as follows in the third paragraph of the syllabus:

"Where divorce is granted wife by reason of fault of husband, judgment awarding wife alimony out of separate property of husband is authorized by 12 O.S.1951 § 1278."

■ We construe the above-quoted portion of the divorce decree as an award of property as alimony and not as an

award based on division of property. In Knight v. Armstrong, Okl., 303 P.2d 421, 422, we pointed out in the second paragraph of the syllabus that in construing a judgment "it will be presumed that the court in entering judgment intended to render a valid judgment on issues presented;" and in Western Paving Co. v. Board of Com'rs of Lincoln County, 183 Okl. 281, 81 P.2d 652, 656, we held that every presumption will be indulged in favor of a judgment and that if "a general judgment may have been based upon two or more grounds, one of which would be erroneous, and the others proper, it is presumed that the judgment was based on the proper ground."

The findings and judgment of the trial court in the instant case are not clearly against the weight of the evidence, and for said reason judgment of the trial court is affirmed.

WILLIAMS, V. C. J., and HALLEY, JACKSON and IRWIN, JJ., concur.

BLACKBIRD and JOHNSON, JJ., dissent.