### BROWN *v.* BROWN.

1. Where the wife, on account of the misconduct of the husband, obtains a decree granting her a divorce and awarding to her the custody of their minor child, and no question as to the support of such child by the father has been made or passed on; the father is not relieved of his legal obligation for a proper support of the child. If he fails or refuses to discharge this obligation, the mother, in an original action, may recover of the father the amount of expenditures made by her after such decree, for a proper support of such child.

2. The petition was subject to special demurrer on the ground that it did not set forth with sufficient particularity the expenses incurred by the plaintiff in the support of the child.

Argued January 22,—Decided June 18, 1909.

Equitable petition. Before Judge Brand. Banks superior court. August 13, 1908.

*H. H. Perry,* for plaintiff in error.

*John J. Strickland* and *Fletcher M. Johnson,* contra.

HOLDEN, J. The defendant. in error brought suit against the plaintiff in error, to recover from him the amount alleged to have been expended by her in support of their son. Among other allegations in the petition, the following, in substance, appears: At

the September term, 1902, of Gwinnett superior court, a total divorce was granted her from the defendant, the present plaintiff in error, and by the terms of the decree the custody and control of the child were awarded to her. The question of alimony was not involved or passed upon in the divorce suit, and the plaintiff did not insist upon any judgment therefor. She has managed to support the child from the income from her property and by encroaching on the corpus thereof and with the proceeds of her labor. The plaintiff insists that the defendant "reimburse her for what she has paid out since the separation [in support of the child], the same amounting approximately to $1200," and alleges that the defendant is able to do so. The plaintiff filed an amendment to the petition, alleging, that "she has expended since the divorce was granted the sum of $1200 for the board and support of their child Fred, the same being expended for necessaries; that said necessaries were not furnished by said Oscar Brown, and she was compelled to furnish them in order to maintain said son; that said expenses has been an average of $20 per month, including board, clothing, tuition, medical attention, and other necessaries; that while at the beginning the expenses was possibly less, it has grown with his age." The defendant filed a demurrer on the ground that no cause of action was set forth, and a special demurrer on the ground "that plaintiff fails to specify what article was furnished by her." After the plaintiff filed the amendment hereinbefore referred to, the defendant filed a demurrer to such amendment and to the petition as amended, on general grounds, and because the "petition fails to state what the other necessaries are, and fails to state what expenses were incurred for tuition or medical services, or what items of clothing were furnished, or what expenses were paid for board, and fails to itemize or state any particulars of her said claim, or to show the time when or to whom any amounts were paid." The demurrers were overruled. A verdict was rendered for the plaintiff for $480, and a motion for a new trial was overruled. The defendant excepted to each of these rulings.

1. The defendant in error brought suit against the plaintiff in error for a divorce on the grounds of habitual intoxication, and obtained a verdict and decree for a total divorce. In the decree the custody of their minor child was awarded to the defendant in

error, who afterwards brought this suit against the plaintiff in error, the father of the child, for an amount expended by her for the necessary support of the child, and obtained a verdict. The plaintiff in her petition alleged: "Your petitioner did not insist at the time on a judgment for alimony, for the reason that the said Brown promised he would contribute the necessary amount to pay the expenses of their child and could do this better without a judgment against him than with one." This together with other allegations merely gave the reason why the plaintiff did not, in the divorce proceedings, seek alimony for the child; and a proper construction of the petition, in view of all the allegations, is that it does not set forth a suit on any express promise of the defendant to pay her for any support she might give the child after the divorce was granted. In one of the grounds of the amendment to the motion for a new trial the plaintiff in error complains that the court committed error in charging the jury as follows: "The law imposes the obligation upon the father to support his children until majority; and the court instructs you that the plaintiff is entitled to recover, can recover in this case, against the defendant for what she has thus expended." In another ground of the amendment to the motion for a new trial the plaintiff in error contends that the court committed error in charging the jury as follows: "The court has left it to the jury to determine whether the question of alimony or support of the child was passed upon and adjudged in that trial [the divorce proceeding]. If it was not, the court instructs you that any one, including the mother, who had furnished a support for the child, would have a right of action against the father for money expended therefor." The general demurrer filed by the defendant and the assignments of error upon the charges quoted make for determination the question as to whether or not a wife, who has obtained a verdict and decree of divorce from her husband, where the custody of their child has been awarded her in the decree, and the question as to the support of the child has not been passed on, can recover from the father the amount expended by her subsequently to the decree, for the necessary support of such child. If the wife obtains a total divorce, she does not after the verdict and decree sustain the relation of wife to her former husband, and he is no longer under legal obligation to support

her, except such support as may be imposed upon him in the divorce proceedings. After the verdict in the divorce case, the husband is not liable for necessaries furnished by third persons to the divorced wife, nor is she entitled to inherit any interest in his estate when he dies. A divorce between the husband and wife does not bar the children from being heirs of the deceased father, nor is there anything in our statute relieving such father from his legal obligation to support his children simply because there has been a divorce granted to his wife. Civil Code, §2452, gives the court, in divorce proceedings, the right to award the custody of the children to the parent not in default; but under this section the court may award the custody to persons other than the parents, or to "guardians appointed by the ordinary." The father is primarily entitled to the custody of his children; but if his conduct has been such as not to entitle him to their custody and to cause their custody to be awarded to some other person in divorce proceedings, this award of the custody to another, by reason of misconduct on the part of the father, of itself does not relieve him of his legal obligation to support his children. The fact that the custody of the children has been awarded to the mother does not change this rule. The fact that her former relation was that of wife to the father of the children could not relieve such father of his legal obligations to his children. Civil Code, §2462, is as follows: "If the jury, on the second or final verdict, find in favor of the wife, they shall also, in providing permanent alimony for her, specify what amount the minor children shall be entitled to for their permanent support; and in what manner, how often, and to whom, and until when, it shall be paid; and this they may also do, if, from any legal cause, the wife may not be entitled to permanent alimony, and the said children are not in the same category; and when such support shall be thus granted, the husband shall likewise not be liable to third persons for necessaries furnished the children embraced in said verdict who shall be therein specified." The only instance in which it is provided in this section that the father is relieved of liability to third persons for necessaries furnished to his child is "when such support shall be thus granted," meaning when support is provided for the children in the verdict and decree in the divorce proceeding. Civil Code, §2469, provides: "Until such provision

is made, voluntarily, or by decree or order of the court, the husband shall be liable to third persons for the board and support of the wife, and for all necessaries furnished to her, or for the benefit of his children in her custody." Where, because of the misconduct of the husband, a divorce is granted to the wife and the custody of the children awarded to her, and no support by way of alimony is provided for the children in the divorce proceedings, we know of no law relieving the father of his legal obligation to support the children, or of his liability for necessaries furnished them by third persons. The wife stands as such third person, and can recover from the father for the proper support furnished his children by her after the divorce proceedings, even though the custody of the children was awarded to her. The legal obligation of the father to support his children, and his liability to third persons for proper support furnished the children, exists after as well as before a decree of divorce granted the wife because of the misconduct of the husband, where no support for the children is provided for in the divorce proceedings; and where, in such proceedings, the custody of the children is awarded to the mother and she furnishes proper support to the children, she can recover from the father, on account of expenditures made by her, an amount to be determined under all the facts and circumstances in the case.

There is much conflict in the authorities on this question, and some courts hold that the father is not liable to the mother for expenditures made by her in support of the children under such circumstances. A majority of the authorities, however, seem to be in accord with the view which we entertain and have hereinabove expressed, to the effect that the father is liable. One of the reasons given in the authorities holding the contrary view why the father is not liable is that support and service are reciprocal duties, and that the father can not be liable for the support of his children when he loses their service by reason of their being awarded to the mother. We do not think, however, this argument is sound; because the services of the children are lost to the father by reason of his wrongful act, if the divorce is granted because of his misconduct, and the court only acts to protect them in taking them from him and awarding them to the mother; and it would not be proper to allow the father to be relieved of liability for necessary support furnished his children because of his own wrongful conduct.

The view just stated is very concisely set forth in the case of Dol-loff *v.* Dolloff, 67 N. H. 512 (38 Atl. 19, 20), in the following language: "Nor is it material that the plaintiff was awarded alimony to the amount of $600. Alimony, in its proper significa-tion, is not maintenance to the children, but to the wife; and when no order is made for the children's maintenance upon the allowance of alimony with custody of children, the father's ob-ligation to support them is in no wise affected. In brief, when the father has been found, by a judicial decree like the one in this case, to be an unfit person to exercise parental control, by reason of his own voluntary misconduct, the law does not allow him to con-vert such misconduct into a shield against his parental liability." Another reason given in this line of cases for holding that the father is not liable is, that, when the children are awarded to the mother without any provision for their support, it is to be presumed that the court made such provision for their support as was necessary, and that the decree is conclusive as to the father not being under any obligation for their support after the decree, unless such decree is afterwards modified by continued proceedings in the original action. It would seem that if it is proper for any presumption at all to be had in such a case, it would be that the court omitted to make any provision for the support of the children in the decree because it was deemed proper to leave the obligation to support his children where it legally and ordinarily belonged, to wit, with the father, until there was some legal proceeding in regard thereto. In 14 Cyc. 812, it is said: "At common law the father remains primarily liable for the support of the children of the marriage as well after as before a divorce." We know of no statute in this State changing this common-law rule. In the case of Spencer *v.* Spen-cer, 97 Minn. 56 (114 Am. St. R. 695, 2 L. R. A. (N. S.) 851, 105 N. W. 483), it was held: "The legal obligation of a father for the support of his minor children is not impaired by a decree of divorce at the suit of his wife for his misconduct, which gives the custody of the children to her, but is silent as to their sup-port. If he refuses or neglects to support them, under such cir-cumstances, the mother may recover from him, in an original ac-tion, a reasonable sum for necessaries furnished for their support, after such decree. The law implies a promise, on his part, to

pay for such necessaries." In this connection, see the cases cited in the note to this case in 114 Am. St. R., above cited; also notes to the same case in 7 Am. & Eng. Ann. Cases, 903. See also Seely v. Seely, 116 Mo. App. 362 (91 S. W. 979); Dolloff v. Dolloff, supra; Ditmar v. Ditmar, 27 Wash. 13 (91 Am. St. R. 817, 67 Pac. 353); Zilley v. Dinwiddie, 98 Wis. 428 (74 N. W. 126, 40 L. R. A. 579, 67 Am. St. R. 820); Graham v. Graham, 38 Col. 453 (88 Pac. 852, 8 L. R. A. (N. S.) 1270); 2 Bish. Mar., Div. & Sep. § 1223; 14 Cyc. 812. In order for the wife to recover the amount expended by her for such support, where no provision for the support of the children was made in the divorce proceedings, we do not think it necessary, if proper, to institute any proceeding in the original case in which the divorce was granted her and the children awarded her; but she could bring an independent suit for such recovery. In such a case there is no order for maintenance of the children to review. In this connection, see Seely v. Seely, supra. In the case of *Maddox* v. *Patterson,* 80 *Ga.* 719 (6 S. E. 581), it was held, where the wife had been granted a total divorce and the custody of the children, with no order for alimony for either, that the minor child was entitled to an allowance of a year's support out of the estate of the deceased father, under the facts of that case; and on page 721, Chief Justice Bleckley, in rendering the opinion, said: "The judgment of divorce did not grant alimony, either permanent or temporary, to the wife or the child; and so far as appears, there was no discharge of the father from his liability to support his child." If a minor child, under such circumstances, was entitled to a year's support out of the estate of the deceased father, we see no good reason why he should not be entitled to a yearly support from the father while in life.

The defendant, in his motion for a new trial, assigns as error a part of the charge quoted in the beginning of this opinion, because the court gave instructions that it was for the jury to determine whether the question of alimony or support for the child was passed upon and adjudged in the trial for divorce. The record discloses the fact that this question was not passed upon in the divorce proceeding, and this fact is not disputed or in doubt; and we therefore do not see how the defendant was harmed by the charge to which reference is made.

We do not mean to hold that in an action by the wife for the recovery of expenditures made by her for the support of the child, after she obtains a divorce and an award of the custody of the child, it would not be a good defense for the husband to show, as plaintiff in error contends, that in consideration of his withdrawing any objections to the award of the custody of the child to her, she agreed to thereafter support the child and to relieve him from any liability for its support.

2. The plaintiff in her petition, or in the amendment thereto, did not set forth with proper particularity the expenditures made by her in the support which she alleges she gave the child. We think the special demurrer to this part of the petition and the amendment thereto should have been sustained. In a suit against the father by the mother for expenditures made by her in the proper support of the child, it was proper that the defendant be made acquainted with such items of expense, in order that he might be enabled to properly prepare his defense, both on the question as to whether or not such expenses were for the proper support of the child, and whether or not they were actually made. The amendment alleges that "said expenses has been an average of $20 per month, including board, clothing, tuition, medical attention, and other necessaries; that while at the beginning the expenses was possibly less, it has grown with his age." This allegation did not properly set forth the different items of expense incurred, nor did any allegation in the petition or amendment thereto do this, and the special demurrer should have been sustained. The error in failing to sustain such demurrer requires a reversal. *Kilkenny Plantation* v. *Furber,* 130 *Ga.* 492 (61 S. E. 513). No other question referred to in the brief of counsel for the plaintiff in error involves error requiring a new trial.

*Judgment reversed. All the Justices concur.*