## SMITH *v.* SMITH.

The court below did not err in granting a nonsuit in this case.

JUNE 23, 1911.

Action for alimony. Before Judge Kimsey. Hall superior court. July 29, 1910.

Mrs. M. L. Smith brought her petition against her husband, H. H. Smith, for permanent alimony for the support of herself and her four minor children. It was alleged that the petitioner and her husband were living in a bona fide state of separation, and that she had been abandoned by her husband against her will and without any fault on her part; no action for divorce was pending, but her husband had filed an action against her for divorce, and a verdict in her favor was rendered by the jury upon the trial of the case thus instituted. She prayed for the issuance of the writ of ne exeat, injunctive relief, a receiver, and that she recover of defendant a reasonable sum of money for her support and for the support of her four minor children. Attached to the petition was the following exhibit:

"Georgia, Jackson County: This agreement between H. H. Smith and Mrs. M. L. Smith. Mrs. M. L. Smith is to have her children, and two thirds household and kitchen furniture, one cow, one hog, one buggy. The said contract relieves the said H. H. Smith from all claims of Mrs. M. L. Smith against him or his property now and forever. This 4 day of April, 1908." (Signed by the parties.)

Subsequently the plaintiff amended her petition by adding "a

bill of particulars," embracing such articles as shoes, clothes, and other articles of necessity which it was alleged she had furnished their minor children who were living with her, and the value of the board of three of the minor children, the account amounting in the aggregate to the sum of $465. She alleged that she had furnished the articles and the board set forth in the bill of particulars, and other goods which are not charged; and she alleges further that "for the above and foregoing account and amount the defendant is justly indebted to petitioner up to the time of filing suit; for which sums plaintiff prays a judgment in her favor against the defendant." Upon the trial the plaintiff testified, that she was the wife of the defendant; that the account sued on was correct; that the items constituting the account were necessaries furnished by her to the children, that she and her children worked together on a certain farm, and that "it was on the land that Smith made to me in settlement. My daughters worked on the land. I have had the labor of my daughters since the separation. . . The money that paid for those things set out in the bill came from the cotton raised on the land. . . My husband made a deed to me for 23½ acres of land and one small house. . . I signed the agreement set out in the pleadings." There was other evidence, not material to be set out here, as to labor performed by the children and their attendance upon school. A certified copy of the record of the divorce proceedings instituted by H. H. Smith against plaintiff is also attached as an exhibit, as well as a deed from H. H. Smith to plaintiff, the same being a deed of gift, no consideration being named.

*Johnson & Johnson,* for plaintiff. *H. H. Dean,* for defendant.

BECK, J. This case, which in its inception was a suit for alimony, was converted by the amendment filed at the trial term into a complaint upon account. No objection to the filing of the amendment on the ground that it was a new cause of action seems to have been interposed. Under the testimony of the plaintiff and the written agreement signed by Mrs. Smith, which was attached to her declaration, it must have become apparent that the suit could not be maintained for the allowance of alimony for herself. She had expressly, before the institution of this suit, relinquished, for a consideration, all claims of herself "against him [her husband] or his property now and forever;" but she contends that she should

be allowed to recover on the account sued on for necessaries furnished the minor children whom she took, and who were to remain with her under the agreement above referred to. We are of the opinion that when the amendment to the petition is considered in the light of the writing by which Mrs. Smith relinquished all claims against her husband and his property, and which is attached as an exhibit to the declaration in this case, the court rightly concluded that the suit as it stood after the amendment was that of a wife against her husband for the board and maintenance of their minor children, and for articles of necessity furnished them by his wife; and that being the case, she was not entitled to recover under the pleadings and evidence in this case. A wife can not separate from her husband or live in a state of separation from him, take charge of the minor children, and maintain a suit against the husband for necessaries furnished them. If the husband had made no adequate provision for the support and maintenance of the children, and a stranger had furnished them the necessaries of life, he could maintain a suit against the delinquent father for the cost and value of the necessaries furnished; or a divorced wife, after dissolution of the bond of marriage between herself and husband, where no provision had been made for the support of her minor children, might, just as a stranger (for after divorce she would be a stranger), maintain an action against her former husband for necessary expenses incurred in maintaining and nourishing their minor children. *Brown* v. *Brown*, 132 *Ga.* 712 (64 S. E. 1092, 131 Am. St. R. 229). But she can not while still a wife, though her husband be delinquent in the matter of furnishing his minor children with the means of sustenance, voluntarily undertake their care and nurture and then from time to time sue the husband for the amount of money expended in that behalf. We think the provision made in our laws for alimony, temporary and permanent, affords a comprehensive scheme by which the liabilities of the husband for the support of the wife from whom he has separated, and their minor children, may be fixed, and that relatively to the wife this scheme of the law is an exclusive one, whatever might still be the rights of the children to compel the father to furnish means of support, or the rights of a stranger who has furnished to the minor children the necessaries of life.

*Judgment affirmed. All the Justices concur.*