*F. K. McCutchen,* contra.

---

## GORDON *v.* FRITTS.

PER CURIAM. 1. Under the decision in *Brown* v. *Brown,* 132 *Ga.* 712 (64 S. E. 1092, 131 Am. St. R. 229), it was error to overrule the special demurrer to the petition in this case, calling for greater particularity in the statement of the account sued on.

2. Where an action was brought on an account in a county of this State, with an allegation in the petition that the defendant was of that county, and where many of the items bore date more than four years before suit was commenced, and the defendant interposed a demurrer on the ground, among others, that the items which antedated the suit by more than four years were barred, it was not a sufficient reply to such ground of demurrer to allege by amendment that "no part of said account is barred by the statute of limitation, for the reason that said [defendant] has not resided in Georgia or Tennessee or in any other State for as much as four years at any one time." By the Civil Code (1910), § 4378, it is declared that if the defendant "shall remove from this State, the time of his absence from the State, and until he returns to reside, shall not be counted or estimated in his favor." The allegation above quoted was not sufficient to meet the provisions of this section, so as to toll the statute of limitations.

3. The rulings above made render it unnecessary to deal with questions arising upon the trial after the overruling of the demurrer.

*Judgment reversed. All the Justices concur, except Fish, C. J., absent.*

FEBRUARY 11, 1915.

Complaint. Before Judge Fite. Catoosa superior court. November 14, 1913.

*W. H. Payne* and *Maddox, McCamy & Shumate,* for plaintiff in error.

*Baxter Smith, H. P. Lumpkin,* and *Earl Jackson,* contra.