## GARRETT v. GARRETT.

ATKINSON, J. 1. As a general rule, where a wife on account of misconduct of the husband obtains a decree granting her a divorce and awarding to her the custody of their minor child, and no question as to the support of such child by the father has been made or passed upon, the father is not relieved of his legal obligation for a proper support of the child. And if he fails or refuses to discharge this obligation, the mother in an original action may recover of the father the amount of expenditures made by her after such decree for a proper support of the child. *Brown* v. *Brown*, 132 *Ga.* 712 (64 S. E. 1092, 131 Am. St. R. 229) ; *Hall* v. *Hall*, 141 *Ga.* 361 (80 S. E. 992) ; Civil Code, § 3020. After divorce the wife occupies the position of a third person, as regards expenditures for support of the child. *Brown* v. *Brown*, supra; *Smith* v. *Smith*, 136 *Ga.* 531, 533 (71 S. E. 869).

2. Under proper construction of the pleadings in the prior divorce case, the ad litem written contract between the parties thereto, and the decree of the court therein, the mother (plaintiff in the instant case) assumed support of the child, and barred herself from making claim in an original action against the father after majority of the child for its support during minority.

(*a*) The facts of the case do not furnish the mother ground of complaint under the rule stated in the first headnote.

(*b*) The case differs from *Jones* v. *Jones*, 141 *Ga.* 523 (81 S. E. 441), where there was no divorce and the suit for support of the children was brought during their minority.

(*c*) In the petition in the divorce case instituted by the mother it was alleged: "Petitioner has no property, and she attaches no schedule of the defendant's property, because she waives all right to alimony, provided the defendant waives any and all rights which he might have had to the child, and gives her and her father full control and possession of the said child. . . Petitioner alleges that her said husband has never contributed anything toward the support of said child, nor herself, since their separation." The prayers were: (1) For a total divorce. (2) "That the custody of the child above mentioned be awarded to petitioner." (3) "That a reasonable provision for permanent alimony for her support and the support of their said child, unless the defendant before final trial relinquishes all claim to said child, and consents for petitioner to have absolute control of said child." 4. "That defendant be required to pay a reasonable sum into the court to defray the expenses of this action, and for counsel fees; and that he pay such further sums for temporary alimony for the support of herself and her child during the pendency of these proceedings as may seem just to the court." The ad litem agreement was: "The plaintiff releases the defendant of all alimony temporary and permanent, also all costs and ex-

penses, except the court cost (six dollars of which has been paid by the defendant) and one half of the counsel fees. The defendant forever releases any and all right and claim, custody, and control of the little girl, the issue of this marriage, . . now about two and a half years of age, to the plaintiff. . . If the plaintiff should ever marry again, . . the . . [child] shall remain at the home and the custody and control of the child's grandfather, James H. Elrod. . . The defendant may have the right and privilege of seeing . . [the child] at preaching, or at any public gathering, provided the defendant conducts himself properly, and is accompanied by some respectable person, male or female, and the child is at preaching." The decree, after granting a total divorce and authorizing both parties to marry again, ordered that the custody of the child be awarded to her mother.

3. The case having been submitted to the judge without a jury, the court did not err, under the pleadings and the evidence, in sustaining the special plea and in dismissing the action.

*Judgment affirmed. All the Justices concur.*

No. 8046. June 10, 1931.

814

[redacted]

*C. N. Davie, J. F. Kemp, Lawrence S. Camp,* and *W. J. Phillips,* for plaintiff.

*Wheeler & Kenyon,* for defendant.