### 23412. DRISCHEL v. DRISCHEL.

620

*Thomas M. Stubbs, McDaniel, Neely & Marshall,* for plaintiff in error.

*Mitchell & Mitchell,* contra.

MacINTYRE, J. Mrs. Claudine Drischel sued her former husband, Willard V. Drischel, in the municipal court of Atlanta, to recover $307.29, with interest thereon at the rate of seven per cent. per annum from February 13, 1933. After alleging the residence of the defendant and the indebtedness as above stated, the petition is as follows: " (3) Said indebtedness arises from support furnished by plaintiff to Willard V. Drischel Jr., who is the minor son of defendant. (4) On the 21st day of July, 1932, a decree of divorce was entered up in the Common Pleas Court of Butler county, Ohio, between plaintiff and defendant. In this decree the custody of the minor child, Willard V. Drischel Jr., was awarded to plaintiff, said Willard V. Drischel Jr. having so requested the court. In the decree no provision was made for the support of Willard V. Drischel Jr. A copy of said decree is attached to and is made a part of this petition. . . (5) Defendant fails and refuses to pay any sums whatsoever to the support of said child. (6) Plaintiff has expended the sum of $307.29 in the period between the 21st day of July, 1932, and the 13th day of February, 1933. . . (7) Defendant fails and refuses to reimburse the plaintiff for the sums so expended."

The decree referred to in paragraph 4 of the petition reads as follows: "This day this cause came on to be heard upon the pleadings and the evidence, and the court, being fully advised in the premises, does find that plaintiff had an actual bona fide residence in Butler county for more than thirty days last past, and of the State of Ohio for more than one year before filing this petition. That the parties were intermarried as alleged in the petition, and that the defendant, in violation of her marital duties, has been guilty of the grounds for divorce set out by plaintiff in his peti-

tion, and that plaintiff is entitled to a divorce. It is, therefore, hereby adjudged and decreed that the marriage relations existing between said parties be and hereby are dissolved and both parties released from the obligations of the same. It is further adjudged and decreed by the court that the plaintiff pay to defendant as permanent alimony the sum of two thousand ($2000.00) dollars, payable at the rate of seventy-five ($75.00) dollars per month, first payment to be made August 15, 1932, and to continue at the rate of seventy-five ($75.00) dollars per month each and every month thereafter until the full sum of two thousand ($2000.00) is paid. It is further adjudged and decreed that the defendant be given the care and custody of the minor child, Willard Drischel Jr."

It appears from an itemized statement attached to the petition that the money alleged to have been spent by the plaintiff for the support of the minor child was expended for "necessaries."

In his answer the defendant denied indebtedness, admitted the paternity of the child, averred that under the decree a portion of the $75 paid to the plaintiff monthly "was intended for and . . used for the support of the said minor son," denied that the plaintiff expended the money as alleged in the petition, and further pleaded by paragraph as follows: "(7) Answering paragraph 7 of said petition, the defendant denies the same as pleaded. Defendant avers that he pays the plaintiff $75.00 per month under the decree of the Court of Common Pleas of Butler county, Ohio, a portion of which was intended by that court for the support of the said minor child, and defendant avers that he is not further obligated to this plaintiff, and if she has expended sums upon the said minor child in addition to the amounts awarded by the court, she has done so voluntarily and at her own cost. (8) This defendant avers that it was the intention of the Court of Common Pleas of Butler county, Ohio, to make the total sum of alimony awarded in said case, to wit, $2,000.00, permanent alimony for the plaintiff for the support of herself and the minor son herein referred to, that question having arisen during the proceedings in that court and evidenced by the award of the said minor son to the plaintiff herein. (9) This defendant avers that he has faithfully carried out the terms of the decree . . referred to in the petition, although defendant's monthly salary has been reduced from $300.00 to $225.00 a month . . , and although this defendant has in

the interim remarried and has the duty of support and maintenance of his second wife upon him. (10) This defendant avers that the said minor son is approximately sixteen years of age and is capable of supporting himself, but that, due to the indulgence of him by the plaintiff, he has never been allowed to work, although he is old enough to work, this defendant averring that he himself has been self-sustaining since he was fourteen years of age. Further answering, this defendant avers that under the laws of Georgia he is entitled to the earnings of the said minor son, who is old enough to work and earn money, and defendant further avers that he, if compelled to support and maintain the said minor son, is entitled to respect and deference from said minor son, this defendant averring that the said son, either at the instance of the plaintiff herein or on his own account, has harassed defendant by insulting letters and uncalled for visits at the office and place of business of this defendant, interfering with this defendant's work and causing him much shame and humiliation. (11) Defendant avers that he has complied in every respect with the decree of the Court of Common Pleas of Butler county, Ohio, and is not obligated to the plaintiff in any sum whatsoever."

The first question for determination is whether or not the trial judge erred in overruling the defendant's motion to dismiss the case, "upon the ground that it appears that the subject-matter of the within suit is in the nature of alimony and maintenance and support, of which this court has no jurisdiction, the superior court of Fulton county, Georgia, having exclusive jurisdiction over matters of divorce and alimony between these parties." We hold that the plaintiff had the right to bring the action in the municipal court of Atlanta to recover the money expended by her for necessaries furnished the minor child, and that the motion to dismiss was properly overruled. See *Brown* v. *Brown,* 132 *Ga.* 712 (64 S. E. 1092, 131 Am. St. R. 229) ; *Hall* v. *Hall,* 141 *Ga.* 361 (2 *a*) (80 S. E. 992) ; *Garrett* v. *Garrett,* 172 *Ga.* 812 (159 S. E. 255) ; *Ross* v. *Richardson,* 38 *Ga. App.* 175 (143 S. E. 446) ; Fulton *v.* Fulton, 52 Ohio, 229 (39 N. E. 729, 29 L. R. A. 678, 49 Am. St. R. 720).

We come next to the main and more difficult question in the case, to wit, whether or not the plaintiff, under the facts of the case, had a legal right to recover, a verdict and judgment for $150 having

been returned in her favor. Under the testimony of the plaintiff and her son, the plaintiff furnished the support as alleged in the petition. The plaintiff testified: "I haven't a dollar in the world, and Mr. Drischel knows if it were not for the alimony we would be on charity." She further swore: "I have been getting $75 a month alimony very regularly. Mr. Drischel has paid it very regularly. I got $40 yesterday." She further testified that she could not "feed a boy fifteen years old and give him proper food, three meals a day, for less than $1 a day." Willard V. Drischel Jr. testified that his mother furnished his entire support; that his custody was awarded to his mother "because it was so requested," and that he had done nothing for his father since he was awarded to his mother; and that he went to his father several times "to ask for clothes and to try to get him to come home," and that he was not disrespectful to his father. Plaintiff next tendered in evidence the decree mentioned in her petition, which was duly certified, and was admitted.

The defendant testified that he had paid the alimony fully and promptly every month; that he had never had the custody of his son since the divorce was granted, and that his son never rendered any service for him; that his son came to his office two or three times and was disrespectful to him, and defendant told his son that if he could not be respectful to his father he must stay away; that when the case was filed he was earning $300 a month, but that when the case was heard he was earning $275 a month; that on July 1st, when he was transferred to Atlanta, his salary was cut to $225 a month; that witness had heavy expenses; that he had married again and had to support his second wife. The defendant also testified: "Then I have been harassed and brought to court on a suit for $307, and I figured that I would have to do something to help take care of myself. I have petitioned the court to reduce that alimony, which they have granted, I understand, effective the first of the month. The paper which you hold in your hand is a copy of the decree that was rendered in the court of Ohio. May I also state to you and this jury that no effort was made to reduce this until I had been sued on $307."

The second decree mentioned by the defendant was admitted in evidence without objection. The material part of it is as follows: "It is therefore hereby adjudged and decreed that defendant pay to

plaintiff the balance due on the $2000 permanent alimony heretofore awarded, at the rate of $55 per month, beginning May 1, 1933, and said payments to continue until the balance due on said $2000 is paid in full. The court makes no finding for the support of said minor child, for the reason that the question of support of said minor child was not before the court."

"Where the wife, on account of the misconduct of the husband, obtains a decree granting her a divorce and awarding to her the custody of their minor child, and no question as to the support of such child by the father has been made or passed on, the father is not relieved of his legal obligation for a proper support of the child. If he fails or refuses to discharge this obligation, the mother, in an original action, may recover of the father the amount of expenditures made by her after such decree, for a proper support of such child." *Brown* v. *Brown,* 132 *Ga.* 712 (64 S. E. 1092, 131 Am. St. R. 229). See also other cases cited above. In the Georgia cases cited the actions were allowed upon the ground that the separation was brought about "on account of the misconduct of the husband." The converse of this proposition would appear to be that where the separation and divorce resulted from the misconduct of the wife rather than that of the husband, the action would not lie. However, we refer to *Fulton* v. *Fulton, supra,* decided in the same jurisdiction where the divorce was granted and the decree rendered (which decision appears to be sound in principle and very much in point), and where the husband procured the divorce "on account of the extreme cruelty of the wife." The headnote of that case is as follows: "Where a divorce a vinculo has been granted to a husband on account of the aggression of the wife, and the minor children of the parties assigned to the custody of the divorced wife, without an order respecting their maintenance, and while so in her custody she furnished to them necessaries, she can not recover against her former husband, their father, for her expenditures in this behalf, in the absence of proof of a promise by him to pay for such necessaries or of a request that they should be furnished to the children. *Pretzinger* v. *Pretzinger,* 45 Ohio St. 452 [15 N. E. 471, 4 Am. St. R. 542], distinguished." In the Fulton case the court, referring to the Pretzinger case, said: "That case is grounded on the principle that as the primary liability rests upon the father, he can not, by his own misconduct, shift it to the mother. . . In

the case before the court, however, the wife was the aggressor, and it is this feature by which it is to be distinguished from the Pretzinger case."

The petition upon which the decree rendered in Ohio is based is not before this court, and the record does not disclose what "marital duties" the wife violated. However, since the husband brought the libel for divorce and the decree recites that "the defendant, in violation of her marital duties, has been guilty of the grounds for divorce set out by the plaintiff in his petition," we feel constrained to hold that the wife, and not the husband, was at fault, and that, under the cases cited, the wife could not recover.

*Judgment reversed. Broyles, C. J., and Guerry, J., concur.*