19444. SUMMERS *v.* SUMMERS.

SUBMITTED SEPTEMBER 10, 1956—DECIDED OCTOBER 9, 1956.

*William F. Braziel,* for plaintiff in error.
*Aaron Kravitch,* contra.

ALMAND, Justice. Harold Summers was granted a total divorce in Chatham Superior Court in September 1954, and by the decree was awarded custody of the minor child of the marriage. In October 1955, his former wife, the mother of the child, filed an equitable petition against him, seeking to set aside the final decree in the divorce case on the ground that the decree had been obtained through fraud, and prayed that she be awarded temporary and permanent alimony for the use of the minor child, and for attorney's fees. On the trial of this case, the jury found against setting aside the divorce decree, and awarded the child $40 per month as permanent alimony until she reached the age of 19 years. A decree was entered, confirming the divorce decree previously entered, and awarding $40 per month as permanent alimony for the support of the child, and $150 as attorney's fees. The former husband did not move for a new trial. In May 1956, the attorney for the former wife filed a rule for contempt against the former husband, on the ground of his failure to pay the attor-

ney the fee specified in the decree in the equity case. The former husband demurred generally and specially to the rule, and, during the term at which the verdict and decree were entered, filed a written motion to set aside so much of the decree as awarded permanent alimony for the support of the child and granted fees to the attorney for the former wife. The former wife demurred generally to this motion, which demurrer was sustained by the court. The court also overruled the former husband's demurrer to the petition seeking to adjudge him in contempt, and entered an order adjudging him to be in contempt of court for failure to pay the attorney's fees provided in the decree. The former husband by bill of exceptions assigns error on all these rulings.

1. Where the wife obtains a total divorce from her husband, and custody of the child is awarded to her by the divorce decree, containing no provision for the support of the child, the former wife cannot thereafter prosecute an action in her name for the support of the named child against her former husband, and any judgment awarding alimony or an allowance in the nature of alimony for the support of the child is void for the want of jurisdiction in the court to render such judgment. *Rozetta* v. *Banks*, 183 *Ga.* 701 (189 S. E. 513). The same rule would preclude the right of the former wife to maintain an action for the support of the minor child of the parties, where in a total divorce decree the child has been awarded to the husband. As long as the divorce decree remains of force and effect, a court of equity or law is powerless to award temporary or permanent alimony for the support of the child. It follows that the jury having refused to set aside the divorce decree, which decree awarded the custody of the child to the former husband, they would be powerless to award the former wife alimony for the support of the child, and it was error for the court to enter the decree ordering the former husband to pay a specific sum monthly for the support of the child.

2. Attorney's fees in favor of the wife against the husband in divorce and alimony proceedings are not allowed as such, but as an intrinsic part of the alimony awarded for the purpose of enabling the wife to contest the issues between herself and her husband. So, after a final decree of divorce, the court is without jurisdiction to award the wife's attorney fees for services rendered by her counsel in an unsuccessful effort to vacate the verdict and

judgment in the divorce case. *Harrison* v. *Harrison*, 208 *Ga.* 70 (2) (65 S. E. 2d 173). Under this ruling, the court was without power to award attorney's fees.

3. Under these rulings, it follows that the court erred in sustaining the former wife's demurrers to the husband's motion to set aside those portions of the decree in the equity case which awarded alimony for the support of the child, and the fees to the former wife's attorney, and in adjudging the former husband to be in contempt of court. *Jones* v. *Jones*, 181 *Ga.* 747 (1) (184 S. E. 271).

4. It is contended by the defendant in error that a motion to set aside is not the proper remedy to attack the decree, and that the only remedy open to the former husband was by a motion for a new trial or a bill in equity. The motion here, to set aside portions of the decree that were alleged to be void, was filed during the term at which the verdict and decree were rendered, and the non-amendable defects appearing on the face of the record, a motion to set aside those illegal portions of the decree was the proper and authorized method to attack such parts of the decree. Code §§ 110-702, 110-703; *Chicago Building &c. Co.* v. *Butler*, 139 *Ga.* 816 (1) (78 S. E. 244); *Bank of Tupelo* v. *Collier*, 192 *Ga.* 409 (15 S. E. 2d 499); *Davis* v. *Davis*, 206 *Ga.* 559 (3) (57 S. E. 2d 673).

*Judgment reversed. All the Justices concur, except Wyatt, P. J., not participating.*