## 20613. THOMAS *v.* THOMAS.

SUBMITTED SEPTEMBER 15, 1959—DECIDED OCTOBER 9, 1959.

*Wilson & Wilson, Benjamin Zeesman, Leon A. Wilson, II,* for plaintiff in error.

*C. Edwin Rozier, Schreiber & Rozier,* contra.

ALMAND, Justice. The judgment under review is one sustaining a general demurrer to a petition of the defendant's former

wife, seeking an order requiring the defendant to pay temporary and permanent support for two minor children of the parties in the plaintiff's custody.

Prior to the approval of an act approved March 21, 1958 (Ga. L. 1958, p. 204), a wife to whom the custody of minor children had been awarded in a final decree of divorce, in which no provision was made requiring the father to support the children, could not thereafter maintain an action requiring the father to pay her alimony or an allowance in the nature of alimony, in order for her to support the children. *Dyal* v. *Dyal*, 187 *Ga.* 600 (3) (1 S. E. 2d 660). In 1958 the General Assembly enacted a statute (Ga. L. 1958, p. 204), entitled: "An Act to provide for the fixing of support to be paid by the father of minor children where a final divorce decree contains no provisions governing the same and custody of such children is awarded to a third party or to the mother subsequently to the divorce decree. To establish the procedure for enforcing the support judgment and for other purposes."

Section 1 of the act provides: "Whenever the custody of a minor child or children shall have been lawfully awarded by any court having jurisdiction thereof, to any person other than the father of said children, at any time subsequent to the rendition of a final divorce decree between the father and mother of said children, which decree contains no specific provisions binding the father for the support of such child or children, the person to whom the custody of such child or children shall be awarded may, by petition, apply to the judge of the superior court in the county where the father of said child or children shall reside for an order and judgment fixing the amount of support money that the father shall provide in order to fulfill his natural duty to supply the necessaries of life for such child or children.'

The petition in this case was brought under the provisions of the 1958 act, supra. The petitioner alleged that, in a final divorce decree between the parties, entered on July 22, 1957, she was awarded custody of the parties' minor children; that the decree did not provide for the support of the children; and that they are in her custody and control. Her prayers were for an order

requiring the defendant to show cause why he should not be required to pay temporary and permanent support for the children, and for process.

Counsel for both parties agree that the sole question for determination is: Under the terms of the 1958 act, supra, does the mother, to whom the custody of minor children was awarded by the final decree of divorce, which decree failed to provide support for the children, and there being no change in the custody since the date of the decree, have the right to bring an action against her former husband to obtain an order requiring him to pay for their support?

In our opinion, under the plain and unambiguous provisions of the act, the answer is that she does not have such right. Under section 1 of the act, fortified by the objects stated in the title of the act, this act provides a remedy for the mother, subsequent to the decree of divorce which contained no provision for support of the children, only where there has been a change in the custody award subsequent to the final decree.

The petition of the mother not alleging that she now has custody of the children by virtue of an award subsequent to the divorce decree, the court properly sustained the general demurrer.

*Judgment affirmed. All the Justices concur.*