## 26860.  ALLEN v. ALLEN.

NICHOLS, Justice. On August 25, 1956, LaVeta Craig Allen married Buddy Gene Allen. On September 6, 1956, she filed an action for divorce in Knox County, Tennessee. The complaint alleged that a child was expected to be born of such marriage in March 1957. A property and alimony settlement was entered into between the parties

and the final decree stated in part: "The court further finds that the parties entered into a full and complete property and alimony settlement agreement whereby the defendant will pay the expenses of the birth of the child, and the complainant will thereafter support said child, and from all the facts and circumstances the court finds that this is a fair and reasonable settlement and therefore the court is pleased to and doth approve the same. . . It is further ordered, adjudged and decreed by the court that the custody of the minor child of the parties be vested with the complainant solely and absolutely at the birth of said child."

On March 5, 1971, LaVeta Craig Allen filed the present complaint in which she sought a money judgment for support furnished by her for such child since his birth. The defendant filed his answer and thereafter moved for a summary judgment. Attached to the motion for summary judgment were the pleadings and judgment in the divorce action between the parties. The trial court overruled the motion for summary judgment and certified such judgment for immediate review. *Held:*

1. "As a general rule, where a wife on account of misconduct of the husband obtains a decree granting her a divorce and awarding to her the custody of their minor child, and no question as to the support of such child by the father has been made or passed upon, the father is not relieved of his legal obligation for a proper support of the child. And if he fails or refuses to discharge this obligation, the mother in an original action may recover of the father the amount of expenditures made by her after such decree for a proper support of the child. *Brown v. Brown,* 132 Ga. 712 (64 SE 1092, 131 ASR 229); *Hall v. Hall,* 141 Ga. 361 (80 SE 992); Civil Code § 3020. After divorce the wife occupies the position of a third person, as regards expenditures for support of the child. *Brown v. Brown,* supra; *Smith v. Smith,* 136 Ga. 531, 533 (71 SE 869)." *Garrett v. Garrett,* 172 Ga. 812 (1) (159 SE 255).

2. Where, however, a property and alimony settlement is entered into between the parties to the divorce and such agreement is approved by the court, and where the wife by the terms of such agreement is given full and complete custody of the child and is bound to support such child, she is barred from filing an original action to seek reimbursement from the father for support furnished the child. See *Garrett v. Garrett,* supra, headnote 2.

3. The trial court erred in not granting the father's motion for summary judgment.

*Judgment reversed. All the Justices concur.*

ARGUED DECEMBER 14, 1971—DECIDED JANUARY 6, 1972.

*William R. Parker,* for appellant.

*Howard, Howard & Hall, William V. Hall, Jr.,* for appellee.

