## 27159. LIVSEY v. LIVSEY.

HAWES, Justice. Mrs. Livsey filed a complaint in the Superior Court of DeKalb County seeking under the provisions of *Code Ann.* § 30-220, to have an award in the amount of $150 per month for the support of three minor children rendered in a divorce proceeding revised. The defendant's motion to dismiss was overruled and he appeals. A certificate of immediate review was entered.

It appears from the plaintiff's complaint and attached exhibit that the award sought to be revised was entered pursuant to an agreement between the plaintiff and the defendant made prior to the rendition of the divorce decree. Defendant contended that under the terms of the agreement plaintiff waived her right to have the amount of the periodic payments for child support revised. The judgment of the trial court substantially denied that contention and the correctness of that judgment is the issue here.

Assuming, but not deciding, that the agreement entered into between the husband and the wife, which was incorporated in the divorce decree by specific reference thereto, was sufficient in its terms to waive the right of the wife to thereafter seek a revision of the decree respecting periodic payments for the support of the minor children, such agreement was void and unenforceable. By the Act approved March 19, 1955 (Ga. L. 1955, pp. 630, 631), as amended by the Act approved March 18, 1964 (Ga. L.

1964, pp. 713, 715; *Code Ann.* § 30-220), a statutory right to petition for a revision of alimony and child support payments was created. That right, insofar as it relates to alimony, belongs to the wife and may be waived. *Grizzard v. Grizzard,* 224 Ga. 42 (2) (159 SE2d 400); *Ferris v. Ferris,* 227 Ga. 465, 466 (181 SE2d 371). But, insofar as it relates to child support, it is a right which belongs to the child or children involved which may be exercised at the election of the mother or other person having legal custody of the children under the terms of the divorce decree. Since this right belongs to the children and not to the mother, she cannot waive it. *Code* § 102-106; *Glaze v. Strength,* 186 Ga. 613 (198 SE 721); *Varble v. Hughes,* 205 Ga. 29 (52 SE2d 303); *Corriher v. McElroy,* 209 Ga. 885 (76 SE2d 782). It follows that even if the agreement relied upon by the appellant can be said by its terms to have waived the right to seek a revision of the child support payments awarded under the divorce decree, it was not effective for that purpose and the trial court properly overruled the motion to dismiss.

*Judgment affirmed. All the Justices concur.*
ARGUED APRIL 12, 1972—DECIDED SEPTEMBER 7, 1972.

*McCurdy, Candler & Harris, George C. Carley, Dennis J. Mock,* for appellant.

*Taylor, Morris & Sullivan, Roy M. Sullivan,* for appellee.