## 28695. NEWSOME et al. v. NEWSOME.

PER CURIAM.

Can a mother, suing as next friend for the minor child in her custody under a divorce decree, maintain an action against the father for support of the child after rendition of the final divorce decree in which the parties agreed the father would be relieved of support and relinquish all parental right to the child? This is the basic question involved in this appeal. The trial court determined there could be no recovery and the mother, for herself and the minor child, has appealed that decision.

We affirm the trial court's judgment. In *Allen v. Allen,* 228 Ga. 523 (2) (186 SE2d 743), this court said: "Where, . . . a property and alimony settlement is entered into between the parties to the divorce and such agreement is approved by the court, and where the wife by the terms of such agreement is given full and complete custody of the child and is bound to support such child, she is barred from filing an original action to seek reimbursement from the father for support furnished the child."

"The Act approved March 21, 1958 (Ga. L. 1958, p. 204), does not give a right of action to the defendant's former wife to require him to pay for the support of the

minor children awarded to her in a final decree of divorce, which made no provision for their support, where it does not appear that the children were awarded to a third party or to the mother subsequently to the divorce decree." *Thomas v. Thomas,* 215 Ga. 383 (110 SE2d 657).

The rationale of these cases requires that we hold the appellants are not entitled to maintain the present action for child support. For additional authorities discussing the legal issues involved in similar circumstances, see *Strange v. Strange,* 222 Ga. 44 (148 SE2d 494); and *Summers v. Summers,* 212 Ga. 614 (94 SE2d 725).

*Judgment affirmed. All the Justices concur, except Nichols, P. J., Ingram and Hall, JJ., who concur in the judgment only.*

SUBMITTED MARCH 1, 1974 — DECIDED APRIL 4, 1974.

*Oliver K. Mixon,* for appellant.
*Nicholson, Fleming & Blanchard, Jim Blanchard, Jr.,* for appellee.

INGRAM, Justice, concurring specially.

I concur in the judgment reached in this case because paternity was in dispute at the time this divorce decree was entered and the alleged father "relinquished" his parental rights in exchange for the mother's waiver of child support.

What concerns me is the broad view taken by this court in this and earlier cases. They seem to foreclose a mother in every instance from seeking future child support from the father subsequent to a "consent" divorce decree in which the mother obtains custody and assumes the child's support.

This means the husband, who is either the admitted father or the adjudicated father, thereafter escapes all future liability for "the maintenance, protection and education of his child." Code § 74-105 provides that: "Until majority, *it is the duty* of the father to provide for the maintenance, protection, and education of his child." (Emphasis supplied.) The question arises whether this

duty of the father can be bargained away by a mother even with the approval of the court. I submit that it violates public policy to permit a child's support from his father which arises as a statutory duty, to be bartered away as if it were the "property" of the mother to be exchanged for some personal objective she may seek in the divorce case with the father. We have consistently held that after a divorce decree obligating the father to support the child, the mother cannot waive the right of the child to that support. *Glaze v. Strength,* 186 Ga. 613 (198 SE 721); *Varble v. Hughes,* 205 Ga. 29, 32 (52 SE2d 303); and *Corriher v. McElroy,* 209 Ga. 885 (1) (76 SE2d 782). In such instances, the father's duty is fixed by court order and we enforce it. By the same token, it seems to me the father's duty is also fixed by the statute and we should not permit it to be irrevocably waived by the mother. I am not unmindful of the view that in making a settlement contract with the father at the time of the divorce, the mother does not do away with the father's duty of support but merely assumes it in his place. As applied to a subsequent action on behalf of the child, I believe this view is incorrect and should be limited only to barring the mother from seeking reimbursement from the father for support furnished the child. Otherwise, the child is relegated to the status of property and is left in a precarious position if the mother continues to have custody but becomes unable to support the child. In such a situation, the father's statutory duty of support is unenforceable and the provisions of the statute become empty rhetoric.

In the present case, the trial court found in its order the mother was able to carry out her contract with the father to support the child. Therefore, I would affirm the present judgment but I would not foreclose the mother's right hereafter to obtain support for the child if she is unable to furnish it. The father has a residual duty to provide support and had no right to expect the mother could forever bargain away the child's right to receive it.

I am authorized to state that Presiding Justice Nichols and Justice Hall concur in this special concurrence.