## 29516. LANNING v. MIGNON.

NICHOLS, Chief Justice.

In October, 1971, while living in a bona fide state of separation, Donna Lynn Lanning and Charles Jimmy Lanning entered into a settlement agreement which was later made a part of their divorce decree which provided, among other things, that the wife would have temporary and permanent custody of the minor children of the

parties, that the husband would have the right to visit the children at reasonable times and "wife shall have no claims for alimony from husband and hereby relinquishes any right to claim alimony or support or child support, past, present, or future for herself or her minor children . . ." On December 13, 1971, the divorce decree was granted. In July, 1974, the present complaint seeking child support and custody of one of the couple's minor children was filed. On September 16, 1974, the trial court entered an order after hearing arguments, but not evidence, in which it was held that the former wife was entitled to come into court and petition the court for child support. This order was certified for immediate review and the present appeal filed.

The sole enumeration of error contends that the agreement waiving all present and future support for the minor children, which agreement had been made a part of the divorce decree, precluded the former wife from seeking child support in the present action.

The former husband relies on cases exemplified by *Allen v. Allen,* 228 Ga. 523 (186 SE2d 743) and *Newsome v. Newsome,* 232 Ga. 49 (205 SE2d 291), while the former wife relies upon cases exemplified by *Livsey v. Livsey,* 229 Ga. 368 (191 SE2d 859).

In the *Allen* and *Newsome* cases, relied upon by the former husband, the agreement gave the wife full and complete custody of the minor children and the father relinquished his parental rights, while in the *Livsey* case the father had not relinquished all parental rights to the child. The agreement in the present case falls within the provisions of the *Livsey* decision and the judgment of the trial court holding that the former wife was entitled to maintain the action for child support was not error.

*Judgment affirmed. All the Justices concur.*

ARGUED JANUARY 20, 1975 — DECIDED FEBRUARY 11, 1975.

*Harrison & Garner, James W. Garner,* for appellant.
*W. Burton Cowley, Richard K. Greenstein,* for appellee.