### 31425. QUARLES v. QUARLES.

UNDERCOFLER, Presiding Justice.

This is a suit by the wife for modification of child support. The trial court granted the wife's petition, ordered the husband to pay twenty dollars per week child support, and denied the husband's motion for summary judgment. He appeals. We affirm.

The husband and wife were divorced on May 2, 1975. An agreement entered into between the parties was made the judgment of the court. Therein the parties had agreed that the wife would obtain complete title to their business, a package store, in lieu of child support.[1] The wife continued to run the business until January 1, 1976, at which time her lease was terminated and she was forced to close her store. She then filed this modification action seeking child support.

The husband appeals from the denial of his motion for summary judgment. He contends Code Ann. § 30-222 allows a petition for modification of child support only

---

[1]The agreement in pertinent part provides: "(5) In lieu of child support, the husband agrees that he does hereby grant, convey and quitclaim *to the wife* any and all right, title and interest which he may have in and to the retail establishment known as the Cass Center Package Store . . . (6) The wife specifically agrees that since she is to have the sole right to operate and otherwise enjoy any and all profits realized from the package store, she hereby waives any and all rights she had to demand child support for the maintenance and upkeep of the minor child of the marriage. It is also further agreed that this item number six of said agreement shall in no way affect whatever legal modification rights the wife might have under the laws of the State of Georgia."

where the husband has been ordered "to pay permanent alimony in . . . periodic payments, and not where the wife, or child and children, or both, have been given an award from the corpus of the husband's estate in lieu of such periodic payment." Since the child support here was not a periodic payment, he urges that the trial court erred in denying his motion. *Daniel v. Daniel,* 216 Ga. 567 (118 SE2d 369) (1961).

Appellee wife on the other hand denies having received a lump sum award of child support and claims that the contract is void as against public policy because the lump sum award to her amounted to a waiver of child support. *Livsey v. Livsey,* 229 Ga. 368 (191 SE2d 859) (1972). We agree and affirm the award of child support by the trial court. Since there was no valid award of child support the court was authorized to modify the divorce decree. A father is obligated to provide support for his child. Code Ann. § 74-105. See *Garrett v. Garrett,* 172 Ga. 812 (159 SE 255) (1931); *Barrow v. State,* 87 Ga. App. 572 (74 SE2d 467) (1953).

*Judgment affirmed. All the Justices concur.*

SUBMITTED AUGUST 13, 1976 — DECIDED OCTOBER 5, 1976.

*Rogers, Magruder & Hoyt, Wade C. Hoyt, III,* for appellant.

*William T. Elsey,* for appellee.