## 32780. GREER v. MOSS.

Hill, Justice.

May the mother bring an action for child support against the father after custody of the children has been awarded to her in a final divorce decree rendered in a proceeding in which the court had no personal jurisdiction over the father?[1] The mother obtained a divorce and was awarded custody of three children in 1974 after the father left her and this state. Service upon him was obtained only by publication and hence no child support award was made. In this suit for child support the father's motion for summary judgment was granted and the mother appeals.

Code Ann. § 74-105 provides that a father has a legal obligation to provide for the maintenance, protection and education of his minor children. In *Lietzke v. Lietzke,* 239 Ga 17 (235 SE2d 500) (1977), we held that a mother's complaint against the father for divorce, alimony and child support, stated a valid claim against the father for child support under this Code section even though the parties had been divorced in an earlier proceeding and a

---

[1] The General Assembly has provided that such actions shall be allowed after July 1, 1977. Ga. L. 1977, p. 619; Code Ann. § 30-301. The judgment of the trial court in this case was entered June 28, 1977.

divorce could not be granted. See also *Quarles v. Quarles,* 237 Ga. 703 (229 SE2d 452) (1976).

The father acknowledges his legal obligation to support his children under Code Ann. § 74-105 but contends that that Code section can be enforced only by criminal proceedings under Code Ann. § 74-9902. Our decisions hold that the mother of a minor child can maintain an action for its support under Code Ann. § 74-105. *Lietzke v. Lietzke,* supra.

The cases of *Hall v. Hall,* 141 Ga. 361 (2) (80 SE 992) (1913), and *Dyal v. Dyal,* 187 Ga. 600 (3) (1 SE2d 660) (1939), relied on by the father as barring child support are not applicable here because in those cases the father was before the court.

The court below erred in granting the father's motion for summary judgment made on the ground that the prior divorce barred the mother's action for support for their children.

*Judgment reversed. All the Justices concur.*

ARGUED OCTOBER 11, 1977 — DECIDED NOVEMBER 2, 1977.

*Horton J. Greene,* for appellant.
*T. Michael Chambers,* for appellee.