## 38660. CROSBY v. CROSBY.

WELTNER, Justice.

Under the separation agreement incorporated into the final judgment of divorce, custody of the two minor children was awarded to the father, who was held responsible for the children's medical and dental expenses. The mother was not obligated to pay any child support. The father thereafter filed a petition for a modification seeking child support from the mother, alleging that his income had decreased since the time of the divorce decree. The trial court, without stating the basis therefor, dismissed the petition on motion of the mother, and we granted the father's application for discretionary appeal.

The sole enumeration of error contends that the trial court erred in holding that the original decree was not subject to modification under Code Ann. § 30-222 (Ga. L. 1955, pp. 630, 631, as amended), which provides: "Such an application [for revision of an alimony award] can be filed only where a party has been ordered by the final

judgment in an alimony, or divorce and alimony, suit to pay permanent alimony in weekly, monthly, annual, or similar periodic payments, and not where the former spouse of such party, or child or children, or both, have been given an award from the corpus of the party's estate in lieu of such periodic payment." No other issue is raised in the briefs filed by the parties.

In *Livsey v. Livsey,* 229 Ga. 368, 369 (191 SE2d 859) (1972), we held that the right to petition for modification of child support "... is a right which belongs to the child or children involved which may be exercised at the election of the mother or other person having legal custody of the children under the terms of the divorce decree. Since this right belongs to the children and not to the mother, she cannot waive it. [Cits.] It follows that even if the agreement relied upon by the appellant can be said by its terms to have waived the right to seek a revision of the child support payments awarded under the divorce decree, it was not effective for that purpose and the trial court properly overruled the motion to dismiss." See also *Lanning v. Mignon,* 233 Ga. 665 (212 SE2d 834) (1975); *Mitchell v. Mitchell,* 235 Ga. 101 (218 SE2d 747) (1975); *Quarles v. Quarles,* 237 Ga. 703 (229 SE2d 452) (1976). Accordingly, the decree is properly subject to a petition for modification.

*Judgment reversed and remanded. All the Justices concur, except Hill, P. J., who concurs specially.*

DECIDED JUNE 22, 1982.

*Herschel B. Herrington,* for appellant.
*Paul W. Calhoun, Jr.,* for appellee.

HILL, Presiding Justice, concurring specially.

I concur in the judgment of the court, which is that where custody of minor children has been awarded to their father without requiring the mother to pay child support, a mother can be required to pay for the support of her children when the necessity therefor arises.

However, in order for a father to obtain modification of an alimony award under Code Ann. § 30-222, there must have been a periodic child support requirement imposed upon the mother in the divorce or alimony judgment.

On the other hand, at common law a father had a duty to support his minor children. This duty was codified in § 74-105 of the Code of 1933: "Until majority, it is the duty of the father to provide for the maintenance, protection, and education of his child."

This duty is now imposed on both parents: "Until majority, it is

the joint and several duty of each parent to provide for the maintenance, protection, and education of the child, except to the extent that the duty of one parent is otherwise or further defined by court order." Code Ann. § 74-105, as amended by Ga. L. 1979, pp. 446, 492.

In my view, a father with custody of minor children not receiving support from their mother can require her to provide child support under Code Ann. § 74-105 when the necessity therefor arises. See *Quarles v. Quarles*, 237 Ga. 703 (229 SE2d 452) (1976). The important thing is that child support can be required from their mother. Whether it be under Code Ann. § 30-222 or Code Ann. § 74-105 is of lesser significance. I therefore concur in the judgment.