### 45880. CONLEY v. CONLEY.
(377 SE2d 663)

MARSHALL, Chief Justice.

This appeal stems from a former husband's efforts to modify a final judgment of divorce that awarded him custody of the parties' minor children without providing for periodic child support as such. The former husband seeks to supplement the judgment with a provision obligating the former wife to pay periodic child support. The issue presented by this appeal is whether the former husband has the option of bringing an original action against the former wife under OCGA § 19-7-2, or whether his exclusive remedy is an action for modification pursuant to OCGA § 19-6-19. For the reasons we give in the body of this opinion, we conclude that, under the circumstances present here, the custodial parent's exclusive remedy is a § 19-6-19 modification action.

The facts of this case, in greater detail, are as follow: The parties were divorced in December 1986, with custody of their two minor children awarded to the husband. The divorce decree, which incorporated a settlement agreement of the parties, obligated the former wife to pay a portion of the children's medical and dental expenses, but did not otherwise obligate her to make child support payments. In July of 1987, the former husband filed a complaint for periodic child support, asserting his claim as an original action for child support under § 19-7-2, which provides that:

> It is the joint and several duty of each parent to provide for the maintenance, protection, and education of his child until the child reaches the age of majority, except to the extent that the duty of one parent is otherwise or further defined by court order.

At trial, the former wife moved to dismiss, contending that the former husband should have sued to modify support pursuant to § 19-6-19, which requires the plaintiff to demonstrate a substantial change in the income and financial status of either former spouse or in the needs of the children. The court denied her motion, and a jury returned a verdict for the former husband, obligating the former wife to make periodic payments of child support. The former wife applied to the Court of Appeals for discretionary review. The Court of Appeals denied review, after which we granted the former wife's petition for a writ of certiorari. We reverse.

1. The parties do not dispute the fact that an action to modify child support under § 19-6-19 will lie, even if the original decree does not provide for periodic payments of child support.

This principle stems from our holding in *Crosby v. Crosby*, 249 Ga. 569 (292 SE2d 814) (1982). In that case, a separation agreement incorporated into the divorce decree did not obligate the mother, who did not have custody, to pay any child support. The father later filed a petition for statutory modification, seeking child support from the mother. The trial court dismissed the petition, and the father appealed. On appeal, the issue was whether the judgment of divorce was subject to modification notwithstanding the fact that the father's claim did not fulfill the requirement of former Ga. Code Ann. § 30-222 (now OCGA § 19-6-21) that the judgment must have awarded periodic support payments. We held that the judgment was subject to a petition for modification.

2. However, this case is distinguishable from *Crosby*, in that the divorce decree here does, in legal effect, obligate the mother to pay some child support, consisting of a portion of the medical and dental expenses to be incurred by the children.

Under *Stone v. Stone*, 254 Ga. 519 (2) (330 SE2d 887) (1985), this monetary obligation is classifiable as periodic alimony for the support of the children, with variable amounts of money to be paid during indefinite periods of time for the specified purposes.

In addition, the payment of medical expenses incurred on behalf of a child is certainly a recoverable child support item. See *Kenyon v. Brightwell*, 120 Ga. 606, 611 (48 SE 124) (1904); *Evans v. Caldwell*, 52 Ga. App. 475, 486 (184 SE 440) (1935), aff'd, 184 Ga. 203 (190 SE 582) (1937).

3. Prior to the revision of our domestic-relations laws in the wake of the landmark United States Supreme Court decision in *Orr v. Orr*, 440 U. S. 268 (99 SC 1102, 59 LE2d 306) (1979), OCGA § 19-7-2 made it the duty of the father only to provide for the support of the children until majority. At present, the effect of § 19-7-2 is two-fold: First, it codifies the basic, legal principle now making it the joint and several duty of each parent to provide child support until the child reaches the age of majority; second, it authorizes this joint and several duty to be altered "to the extent that the duty of one parent is otherwise or further defined by court order."

Where a divorce decree awards child custody without passing upon any question concerning the legal obligation of the non-custodial parent to support the child, it has been held that § 19-7-2 grants a right on the part of the custodial parent to institute an original action against the non-custodial parent requiring such parent to make contributions to the child's support. *Strange v. Strange*, 222 Ga. 44 (1) (148 SE2d 494) (1966); *Garrett v. Garrett*, 172 Ga. 812 (1) (159 SE

255) (1931).

Under our existing case law, the right to bring an original action to recover child support payments under § 19-7-2, as well as the right to institute a modification action under § 19-6-19, are rights belonging to the child or children and are not waivable by the custodial parent. *Lanning v. Mignon*, 233 Ga. 665 (212 SE2d 834) (1975); *Livsey v. Livsey*, 229 Ga. 368 (191 SE2d 859) (1972); but see *Newsome v. Newsome*, 232 Ga. 49 (205 SE2d 291) (1974).

4. Construing §§ 19-6-19 and 19-7-2, *in pari materia*, it is clear that where, as here, the divorce decree does, at the very least, address a question concerning the liability of the non-custodial parent for child-support-obligation items, a § 19-6-19 modification action is the custodial parent's exclusive remedy in regard to supplementing the decree with a provision obligating the non-custodial parent to pay additional child support. To allow the custodial parent to institute an original action under the auspices of § 19-7-2 under such circumstances would fly in the face of the statutory modification procedures contained in the 1955 Alimony-Modification Act, of which § 19-6-19 is a part.

Furthermore, we note that prior to the 1986 amendment to § 19-6-19, this statute allowed a revision of child support only if the petitioning spouse showed a change in the income and financial status of the former spouse who was liable for child support. The 1986 amendment revised the statute, so that it now allows revision if the petitioning former spouse shows a change in the income and financial status of either former spouse or in the needs of the child or children.

5. Finally, we note that, "minor children are entitled to support during their minority commensurate with their proven customary needs, limited only by the financial ability of the parent against whom the support is sought to provide for them; they are not merely entitled to subsistence." (Footnotes omitted.) McConaughey, Ga. Divorce, Alimony & Child Custody (3d ed.), § 11-14, p. 146. (Referred to hereinafter as Ga. Divorce.)

Further, where the parties have resolved collateral issues in divorce litigation and, thereby, have presented a settlement agreement to be incorporated into the final divorce decree, the trial court is not bound by the agreement, particularly with respect to custody of, and support for, minor children. See *Gray v. Gray*, 222 Ga. 641 (151 SE2d 774) (1966) and cits; Ga. Divorce, supra, § 10-11, p. 126.

Thus, in reviewing a settlement agreement, the trial judge should determine whether the child support payments established therein are commensurate with the customary needs of the children, as limited by the financial ability of the payor parent. Where the child-support-payment amounts do not conform to the foregoing parameters, although the agreed-upon child support is adequate to meet the sub-

sistence needs of the children and keep them from becoming deprived, the trial judge acts well within his discretion in refusing to approve the agreement.

*Judgment reversed. All the Justices concur, except Weltner and Bell, JJ., who concur specially.*

BELL, Justice, concurring specially.

I concur in the judgment in this case, but on different grounds. In my opinion, OCGA § 19-7-2 should be understood as creating a cause of action on behalf of a minor child (regardless of whether there exists any judgment for child support), but only if such a child is in danger of becoming "deprived" as that term is defined by OCGA § 15-11-2 (8) (A). However, the custodial parent in this case has not made such an averment, and in light of that fact I believe that the opinion of the court reaches the correct result.

I am authorized to state that Justice Weltner joins in this special concurrence.

DECIDED MARCH 14, 1989.

*Hirsch, Beil & Partin, Milton Hirsch*, for appellant.
*Brace W. Luguire*, for appellee.